MANDEL G. SHULMAN, as Administrator with the Will Annexed of MORRIS SHULMAN, Deceased, Respondent, v. FIRST BANK & TRUST COMPANY OF UTICA, Defendant, and ROLU THEATRE CORPORATION, Appellant.— Order affirmed, with $10 costs and disbursements. All concur. (Appeal from an order denying a motion by defendant theatre corporation for a dismissal of the amended complaint under rules 106 and 107 of the Rules of Civil Practice, in an action to compel defendants to account to plaintiff for all assets and income from property belonging to defendant theatre corporation.) Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.

■

In the Matter of JAMES W. CRAWFORD, Petitioner, against CLIFFORD J. FLETCHER, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Determination annulled on the law and respondent directed to restore petitioner's license, with $50 costs and disbursements to petitioner. Memorandum: In *Matter of Jenson* v. *Fletcher* (277 App. Div. 454), we held that an operator's license may not be revoked when the only evidence as to the cause of an accident was that the operator "momentarily dozed at the wheel." In this case respondent urges that there is proof that petitioner knew or should have known that he was about to fall asleep. The statement that petitioner worked until midnight the day before the accident and all day on Sunday, the day of the accident, was made by counsel and was not evidence. Even if he had worked long hours on Saturday, petitioner testified he did not open his store on Sunday until 9:30 or 10:00 A.M., so he had ample opportunity to have had sufficient sleep. When asked by the referee: "Why didn't you stop your car or open your windows?", petitioner answered: "I just didn't realize I was getting that way". The statement by the referee made later, in the form of a question, "You were drowsy, felt yourself getting drowsy, and tried to fight it off?", although answered by petitioner, "I guess that's what happened", is not sufficient to establish proof of reckless driving. We said in the *Jenson* case (*supra,* p. 459): "The Legislature may extend the authority to revoke or suspend an operator's license to a case where the driver involuntarily falls asleep while driving." Until the Legislature takes such action, there must be something more shown than we have here to sustain a revocation of license on the ground of "reckless driving" or "gross negligence." All concur. (Review of a determination of the Commissioner of Motor Vehicles revoking petitioner's driver's license.) Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.

■

MANDEL G. SHULMAN, as Administrator with the Will Annexed of MORRIS SHULMAN, Deceased, Appellant, v. FIRST BANK & TRUST COMPANY OF UTICA, Respondent, et al., Defendants.— Order affirmed, with $10 costs and disbursements. All concur. (Appeal from an order denying plaintiff's motion for judgment on the pleadings against defendant bank or, in the alternative, to strike out parts of the answer of said defendant.) Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.