In the Matter of FREDRICK E. BELL, Appellant, against WILLIAM J. HEFFERNAN et al., Constituting the Board of Elections of the City of New York, et al., Respondents.— Order reversed on the law and petition granted. The statement contained in the affidavits of the subscribing witnesses as to the election districts where they presently reside is not required by section 138 of the Election Law as amended, with relation to independent nominating petitions. In this instance, the alteration was of an immaterial matter and the board of elections was not justified in rejecting the petition. Johnston, Acting P. J., Adel, Wenzel and MacCrate, JJ., concur.

In the Matter of JOHN NOVESKY, Petitioner, against JAMES R. MACDUFF, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Proceeding under article 78 of the Civil Practice Act to review the determination of the Commissioner of Motor Vehicles, made December 26, 1951, suspending chauffeur's license of petitioner for thirty days for violation of paragraph (e) of subdivision 3 of section 71 of the Vehicle and Traffic Law. Determination annulled on the law and the facts, without costs. The only evidence of the cause of the accident was that petitioner momentarily closed his eyes. There is no proof that he knew or should have known that he was about to become drowsy. Under the circumstances, a finding of gross negligence or reckless disregard for life and property of others was not justified. (*Matter of Jenson* v. *Fletcher*, 277 App. Div. 454, affd. 303 N. Y. 639; *Matter of Crawford* v. *Fletcher*, 278 App. Div. 1017.) Johnston, MacCrate and Schmidt, JJ., concur; Carswell, Acting P. J., and Wenzel, J., dissent and vote to affirm.

In the Matter of NANCY PULGRANO et al., Appellants, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent, and IDA HYATT, Intervener, Respondent.— In a proceeding brought pursuant to article 78 of the Civil Practice Act to review a determination of respondent State Rent Administrator, which denied petitioners' application for a certificate of eviction against a tenant occupying one apartment in a two-family house owned by petitioners and in which they occupied the second apartment, petitioners appeal from an order dismissing their petition. The determination sought to be reviewed was made by respondent on the grounds that petitioners were not acting in good faith and that they had failed to establish the existence of an immediate and compelling necessity for the proposed eviction. Order unanimously affirmed, without costs. We find in the record adequate evidence to support the determination made by respondent that existence of an immediate and compelling necessity was not established, and in our opinion it was incumbent upon appellants to establish that fact. Present — Nolan, P. J., Carswell, Johnston, Wenzel and MacCrate, JJ.