In the Matter of JAMES J. HERNIGLE, Petitioner, against JAMES R. MACDUFF, as Commissioner of Motor Vehicles, Respondent.

Third Department, December 30, 1952.

*Michael P. Cory* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Solicitor-General,* and *Philip J. Fitzgerald* of counsel), for respondent.

HEFFERNAN, J.   At about five o'clock on a wet and rainy morning on December 9, 1951, petitioner was operating an automobile in an easterly direction on Mohawk Avenue in the village of Scotia.   At the intersection of that highway with Reynolds Street a collision occurred between petitioner's car and a car owned and operated by one Frank Lamboy.   The Lamboy car was proceeding southerly on Reynolds Street into its intersection with Mohawk Avenue when the collision occurred, as a result of which both cars were slightly damaged.

On April 22, 1952, a hearing was had before a referee of the Motor Vehicle Bureau at which both drivers testified.   As a result of that hearing petitioner's license was revoked by the commissioner pursuant to paragraph (e) of subdivision 3 of section 71 of the Vehicle and Traffic Law on the ground that at the time of the collision petitioner was " operating a motor vehicle in a manner showing a reckless disregard for life and property of others ".   The referee made no findings as such but in his summary of the facts said: " There is a sharp conflict in testimony.   However, there is no doubt in my mind that the Herneigle [*sic*] car was on the wrong side of the road when the accident occurred.   He does not know whether he fell asleep, but he states he was drowsy about 5 blocks prior to the accident and had about two miles to go beyond the accident.   There is no question of intoxication in this case, as he was coming from home to report for duty at 5 A.M. at the reserve officers headquarters where he was to be on duty as a cook.   His record as to accidents and convictions has been poor."

After the collision the accident was investigated by the police officers of the village but no criminal charge of any nature was made against the driver of either vehicle.   It is conceded that neither prior thereto nor at the time of the accident petitioner had indulged in any alcoholic beverages.

The evidence discloses that at the time of the accident Mohawk Avenue was wet and slippery and that petitioner was operating his vehicle at a speed of about twenty-five miles per hour.   There is some proof in the record that at a point four or five blocks

from the entrance into Scotia to the scene of the accident petitioner was sleepy. However, there is no proof that he was asleep at the time of the actual collision. In the course of petitioner's testimony it appeared that he had been convicted of speeding on three separate occasions. However, these convictions did not occur within a period of eighteen months as provided in paragraph (c) of subdivision 2 of section 71 of the Vehicle and Traffic Law and, consequently, furnished no basis for the revocation of petitioner's license. In fact, the commissioner did not base his revocation on that ground.

It should be borne in mind also that speeding is not a crime but a mere traffic violation (Vehicle & Traffic Law, § 2, subd. 29). While speed alone may not prove " gross negligence " the results are to be considered in determining that question (*Matter of Cohn* v. *Fletcher*, 272 App. Div. 1080, affd. 297 N. Y. 851). In our opinion it was proper to admit evidence showing petitioner's convictions for speeding.

We are not unmindful of the fact that this court must sustain a determination of the Motor Vehicle Commissioner if there is substantial evidence to support it. It is still our duty, however, to examine the evidence to determine whether or not petitioner's conduct evidenced " a reckless disregard for life and property of others ". The only proof we have here is that some time prior to the accident petitioner was drowsy and when the collision occurred his car was being operated in practically the center of the road which is wide enough " for four cars abreast between the curbs ". The most that can be said in this case is that petitioner was negligent in the operation of his motor vehicle. Nothing in the record indicates that he was guilty of gross, culpable or criminal negligence or recklessness. There is nothing whatever in this record which would sustain a finding that petitioner was guilty of reckless disregard of or indifference to the rights of others. The mere fact that petitioner was drowsy prior to the time of the accident furnishes no basis for the determination that he was operating his vehicle in a manner showing a reckless disregard for life and property of others (*Matter of Jenson* v. *Fletcher*, 277 App. Div. 454, affd. 303 N. Y. 639). In that case petitioner's license had been revoked for gross negligence when he momentarily fell asleep and struck another car. The Appellate Division of the fourth department annulled the determination on the ground that the proof did not sustain a finding of gross negligence or a disregard of the consequences which may result from the act and indifference to the rights of others. The Court of Appeals unanimously

affirmed that determination. The Appellate Division of the same department in a later case (*Matter of Crawford* v. *Fletcher*, 278 App. Div. 1017) reaffirmed its determination in the *Jenson* case and annulled a determination of the Commissioner of Motor Vehicles where the proof showed that the only evidence of the cause of the accident was that the operator " momentarily dozed at the wheel ". In a recent case our own court in November, 1952, in *Matter of Dietrichsen* v. *MacDuff* (280 App. Div. 1016), annulled the determination of the Motor Vehicle Commissioner and said: " So far as this record discloses, petitioner's license was revoked simply because he had an accident under the circumstances outlined above. The mere happening of an accident with no other proof of culpability whatever does not justify a revocation. We find in this record no substantial evidence to sustain the determination."

The determination should be annulled on the law and facts and petitioner's operator's license reinstated, with $50 costs and disbursements to petitioner.

FOSTER, P. J., BREWSTER, BERGAN and COON, JJ., concur.

Determination annulled, on the law and facts, and petitioner's operator's license reinstated, with $50 costs and disbursements to petitioner.