In the Matter of GEORGE K. ENOS, Petitioner, against JAMES R. MACDUFF, as Commissioner of Motor Vehicles, Respondent.

Fourth Department, May 27, 1953.

*Ronald E. Coleman* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Matthew A. Tiffany* and *Wendell P. Brown* of counsel), for respondent.

*Per Curiam.* The appeal brings up for review the determination of the Commissioner of Motor Vehicles by which it was found that the petitioner had violated paragraph (e) of subdivision 3 of section 71 of the Vehicle and Traffic Law — " gross negligence in the operation of a motor vehicle ". The petitioner's driver's license was revoked for " operating a motor vehicle

in a manner showing a reckless disregard for life and property of others ''.  While the cause for revocation as set forth in the order is not the same as that stated in the decision of the hearing referee, both causes are contained in paragraph (e) of subdivision 3 of section 71 of the statute and the same proof is required in either case.  There are no findings of fact as such.  The '' summary of facts '' is a mere recital of what the petitioner stated upon his examination.  Since the revocation was based upon the uncontradicted testimony of the petitioner, we will treat the '' summary of facts '' as though such facts had been stated as having been found by the referee.  We find that there was substantial evidence to sustain the determination.  At three o'clock in the morning, the petitioner was driving another's car at about forty-five to fifty miles per hour.  He came to a curve but failed to make it and went into the ditch.  He had worked fourteen hours that day.  He realized that he felt drowsy about five minutes before the accident and that he was sleepy or in danger of falling asleep.  In spite of this knowledge and consciousness of his condition, the petitioner continued on at a fairly rapid rate of speed.  Under such circumstances, we cannot say that he was not operating the vehicle in a manner showing a reckless disregard for life or property of others.  We indicated in *Matter of Jenson* v. *Fletcher* (277 App. Div. 454, affd. 303 N. Y. 639) that proof of such facts as here appear would sustain a finding of violation of paragraph (e) of subdivision 3 of section 71 of the Vehicle and Traffic Law.  In the *Jenson* case no such proof was made.  We again call attention to the importance of a full development of the facts in these proceedings.  Likewise, we call attention to the necessity of properly identifying the reports of operators before they are used in evidence upon the hearing.  The determination should be confirmed.

All concur.  Present — TAYLOR, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Determination confirmed, without costs.  [See *post*, p. 829.]