In the Matter of JAMES J. HERNIGLE, Respondent, against JAMES R. MACDUFF, as Commissioner of Motor Vehicles, Appellant.

Argued April 23, 1953; decided June 4, 1953.

*Nathaniel L. Goldstein, Attorney-General (Philip J. Fitzgerald* and *Wendell P. Brown* of counsel), for appellant. I. There was substantial evidence to justify the commissioner's determination. (*Matter of Humphrey* v. *State Ins. Fund,* 298 N. Y. 327; *Matter of Miller* v. *Kling,* 291 N. Y. 65; *Matter of Cohn* v. *Fletcher,* 272 App. Div. 1080, 297 N. Y. 851; *Matter of Donahue* v. *Fletcher,* 299 N. Y. 227; *People* v. *Devoe,* 246 N. Y. 636; *Matter of Lynch's Bldrs. Restaurant* v. *O'Connell,* 303 N. Y. 408; *Matter of Jenson* v. *Fletcher,* 277 App. Div. 454, 303 N. Y. 639; *Matter of Crawford* v. *Fletcher,* 278 App. Div. 1017.) II. The findings are sufficient to support the determination. (*Matter of New York Water Service Corp.* v. *Water Power & Control Comm.,* 283 N. Y. 23.)

*Michael P. Cory* for respondent. I. The acts of petitioner-respondent do not constitute gross negligence in the operation of a motor vehicle in a manner showing a reckless disregard for life and property of others. (*Matter of Jenson* v. *Fletcher,* 277 App. Div. 454, 303 N. Y. 639; *Matter of Crawford* v. *Fletcher,* 278 App. Div. 1017; *Matter of Cohn* v. *Fletcher,* 272 App. Div. 1080, 297 N. Y. 851; *Matter of Donahue* v. *Fletcher,* 299 N. Y. 227; *Dietrichsen* v. *Macduff,* 116 N. Y. S. 2d 887.) II. There was no substantial evidence to justify the commissioner's determination. (*Matter of Miller* v. *Kling,* 291 N. Y. 65.)

*Per Curiam.* Upon this record it may be properly concluded that the accident which occurred when respondent's automobile veered to the wrong side of the road was causally related to respondent's drowsy condition and that, sufficiently in advance of the accident to stop, respondent realized that he was in a state of drowsiness or in danger of dozing. That, we think, is a sufficient basis for an administrative determination that respondent had operated his automobile " in a manner showing a reckless disregard for life or property of others * * *." (Vehicle and Traffic Law, § 71, subd. 3, par. [e]; *Matter of Cohn v. Fletcher,* 297 N. Y. 851.)

The order of the Appellate Division should be reversed and the determination of the Commissioner of Motor Vehicles reinstated, with costs in this court and in the Appellate Division.

LEWIS, Ch. J., CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Order reversed, etc.