In the Matter of the Arbitration between ALBERT E. UPRICHARD, as President of International Union of Electrical, Radio and Machine Workers, C. I. O., Local 453, Respondent, and OTIS ELEVATOR COMPANY, Appellant.— In an arbitration proceeding an employer appeals from so much of an order as confirms awards with reference to two grievances with costs and refers for hearing and report computation of back pay due an employee in accordance with one of the awards. Order, insofar as appealed from, modified on the law by adding after the word " confirmed ", at the end of the first ordering paragraph, the following: " except as to the third paragraph of the award in grievance 2182 and subdivision (a) of the 4th paragraph of the award in grievance 2202, which portions of the awards are vacated." As so modified, order unanimously affirmed, without costs. It was beyond the jurisdiction of the arbitrator in construing the contract to provide as he did, that in the event of subsequent arbitration of discharge of the reinstated employee the issue " shall not be the existence of just cause ". The plain pertinent provision in the agreement is precisely to the contrary. There is nothing in the agreement to warrant the provision in the award that employees may not be transferred without their consent. The office of the arbitrator is to construe the agreement. Prior custom or lack of opposition of an employer does not empower the arbitrator to add to the terms of the agreement. Present — Wenzel, Acting P. J., MacCrate, Beldock, Murphy and Ughetta, JJ.

■

In the Matter of ROBERT S. TYSON, JR., Petitioner, against JAMES R. MACDUFF, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Proceeding under article 78 of the Civil Practice Act to review a determination of the Commissioner of Motor Vehicles suspending petitioner's chauffeur's license for sixty days for an alleged violation of paragraph (e) of subdivision 3 of section 71 of the Vehicle and Traffic Law. Determination annulled on the law, without costs. Petitioner's license was suspended because he was involved in a collision with a light pole when he fell asleep while driving his automobile. There is no proof that petitioner had any previous warning of drowsiness. Under such circumstances, a finding of gross negligence or reckless disregard for life or property of others was not justified (*Matter of Jenson* v. *Fletcher*, 277 App. Div. 454, affd. 303 N. Y. 639; *Matter of Crawford* v. *Fletcher*, 278 App. Div. 1017; *Matter of Novesky* v. *Macduff*, 280 App. Div. 953), and the evidence is entirely insufficient to sustain respondent's finding that petitioner " was not in physical condition to drive." Nolan, P. J., MacCrate, Schmidt, Murphy and Ughetta, JJ., concur.

■

FRED KASSEBAUM, Appellant, v. LILLIAN PETERS, Also Known as LILYANNE KASSEBAUM, Respondent.— In an action to impress a trust on real property conveyed by appellant to respondent, his wife, prior to their marriage, judgment dismissing the amended complaint, after trial, unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., MacCrate, Schmidt, Beldock and Murphy, JJ. [See *post*, p. 1082.]