Burke, J.
This is an action to recover damages for personal injuries suffered by plaintiff when a tree fell and struck defendant’s automobile while she was a passenger therein. The trial court set aside the jury’s verdict for plaintiff and granted defendant’s motion for a directed verdict and dismissal of the complaint.
The Appellate Division’s judgment of reversal reinstated the jury’s verdict.
The car driven by the defendant at the time of the accident was a Chevrolet sport sedan in good condition. Just prior to the occurrence, it was proceeding in a southerly direction on North Main Street in New Berlin, at approximately 15 to 20 miles per hour. There was a group of trees set back on the sidewalk on a lawn between two large white houses about 30 feet west of the curb. There was also a line of large trees located between the sidewalk and curb in front of one of the houses and across the street.
According to the plaintiff, she saw one tree, described by another witness as about 60 feet tall, green and bushy in the upper portion, start to fall. She yelled “ Jack, that tree ” and immediately moved over closer to the defendant on the seat. She did not feel any brakes applied or any change in the direction of the car or any increase in speed. She testified that when she first saw the tree commence to fall, she was approximately 90 feet from the point where the tree struck the car. She stated ‘ ‘ it came over and hit the wires and there was a huge flash of light and like a hesitation, and then it came onto the car.” When it came to rest after breaking off five to six feet above fhe ground, the tree straddled the street,
*67 In all, only about three seconds elapsed between the time she first noticed the tree and the moment it struck the car. At 20 miles per hour, defendant was covering 29.3 feet per second and would traverse 90 feet —the distance from which plaintiff claims she first saw the tree — in about three seconds.
Defendant contends that the foregoing does not amount to a prima facie case because it contains no proof of negligence.
We find as a matter of law that plaintiff’s evidence was insufficient to permit a jury to infer that the injuries were caused by the negligence of defendant. The quality of the evidence is poor. There are no facts from which a reasonable inference may be drawn that the defendant was guilty of negligence which was a proximate cause of the accident.
Liability may not be predicated upon an omission to act where no causal connection is proved or can be reasonably inferred between the occurrence of the accident and the failure to act. The evidence in this case has not that probative value which would warrant submission to the jury.
When a defendant is faced with an emergency without opportunity for deliberation, thought or consideration, the ensuing accident may be within the field of nonliability for injury. (Meyer v. Whisnant, 307 N. Y. 369; Prosser on Torts [2d ed.], § 32, pp. 137-138.) The defendant has not been shown to have acted carelessly in a sudden emergency. When the plaintiff shouted “ that tree ” defendant was not thereby advised of the particular tree she meant, as there were trees on both sides of the street along the curb, as well as the clump of trees set back on the lawn from which the tree fell. The collapse of the tree was due to an unexpected operation of a natural force. Confronted by such an unusual occurrence, a driver of a car concentrating on the roadway in front of his car could not reasonably be expected to anticipate a risk from a tree located at least 30 feet off the roadway.
Where an emergency is not created by the defendant’s own acts, he is not obliged to exercise the best judgment. (Ward v. F. R. A. Operating Corp., 265 N. Y. 303; Woloszynowski v. New York Central R. R. Co., 254 N. Y. 206.) If it is a mere error of judgment, the choice of alternative course of conduct, even if unfortunate, does not make it negligent (Restatement, Torts, Yol. 2, § 296). Here error of judgment may not be equated with fault.
*68 It would be pure speculation to assume that had the defendant jammed on his brakes or swerved he would have avoided an accident. We have not imposed such a standard of care. In Ward v. F. R. A. Operating Corp. (supra, p. 308), we said “ The defendant was not obliged to exercise the best judgment, and would not be liable for a wrong choice of action if called upon to act quickly in the face of peril.” Furthermore, the conditions obtaining and knowledge acquired after the event may not be pointed to as proof of lack of care. (Naffky v. Yosovitz, 268 N. Y. 118; Woloszynowski v. New York Central R. R. Co., 254 N. Y. 206, supra.)
Plaintiff having failed to introduce sufficient evidence to constitute a prima facie case, the verdict was properly set aside and the complaint dismissed.
The judgment appealed from should be reversed, and the order and judgment of the trial court dismissing the complaint should be reinstated.
Conway, Ch. J., Desmond, Dye, Fuld, Froessel and Van Voorhis, JJ., concur.
Judgment of the Appellate Division reversed and that of the Trial Term reinstated, without costs.