In the Matter of HARRY J. BEATTY, Appellant, against JOSEPH P. KELLY, as Commissioner of the Bureau of Motor Vehicles of the State of New York, Respondent.— Proceeding under article 78 of the Civil Practice Act to review a determination made by the respondent, after hearings, which suspended for 30 days the petitioner's license to operate a motor vehicle based on a finding of a violation of section 58 of the Vehicle and Traffic Law. The petitioner, who was 67, was driving his car with three passengers in it in a westerly direction on Route 28 on the afternoon of August 4, 1955. A truck driven by one Bishop

was traveling in an easterly direction at the same time, about 3:30 or 4:00 P.M. The petitioner's car crossed to the opposite side of the road and Bishop, seeing the car coming, pulled his truck over to the left side of the road. The petitioner's car struck the right rear of the truck. The motor vehicle report filed by the petitioner stated that he had a temporary blackout. At the hearing the petitioner testified that although he had diabetes he had not blacked out from his diabetic condition but rather he had fallen asleep. He stated he had gotten up, as he always did, at 4:15 A.M. on the morning of the accident. Further that he had driven 27 miles from Kingston, had stopped about 13 miles before the accident and that it had been a hot day. The Commissioner found that the accident was caused by the petitioner's dozing while driving and that he "was driving while tired and had driven in that condition for at least 13 miles." He suspended for 30 days the petitioner's driver's license based on a violation of section 58 of the Vehicle and Traffic Law. Section 58 of the Vehicle and Traffic Law sets forth the crime of reckless driving. The rule is clear that for dozing off at the wheel of a car to constitute reckless driving the driver must be found to have been aware that he was in a state of drowsiness or in danger of dozing. The question presented here then is whether there is substantial evidence in the record to show that the petitioner had any advance warning that he might doze off. The Commissioner has found that he had driven while tired for 13 miles. This finding can only be based on the following questions and answers:  " Q. How far back had you made the last stop before the accident? A. Oh, about 12 or 13 miles. Q. Were you tired and sleepy that afternoon? A. Well, I was a little tired, yes." It does not seem that the statement " I was a little tired " is sufficient to establish that the petitioner knew or should have known that he was about to fall asleep or doze off. In *Matter of Crawford* v. *Fletcher* (278 App. Div. 1017) in a similar proceeding the court said: " The statement by the referee made later, in the form of a question, ' You were drowsy, felt yourself getting drowsy, and tried to fight it off?', although answered by petitioner, ' I guess that's what happened ', is not sufficient to establish proof of reckless driving. We said in the *Jenson* case [*Matter of Jenson* v. *Fletcher*, 277 App. Div. 454] (*supra*, p. 459): ' The Legislature may extend the authority to revoke or suspend an operator' license to a case where the driver involuntarily falls asleep while driving.' Until the Legislature takes such action, there must be something more shown than we have here to sustain a revocation of license on the ground of ' reckless driving ' or ' gross negligence.' " In cases where the revocation of a license based on falling asleep at the wheel has been upheld there was evidence showing the driver to have been aware that he was about to fall asleep. In *Matter of Murphy* v. *Kelly* (1 A D 2d 922) the driver admitted he had begun to feel sleepy two miles before the accident and had opened a window vent wide but it had no effect. In *Matter of Dery* v. *Kelly* (2 A D 2d 635) the driver had spent seven hours in a bar and left at 1:30 A.M. feeling sleepy. Although the petitioner here admitted he " was a little tired " on the afternoon of the accident there is no evidence indicating that he was drowsy or sleepy before the accident nor that he knew or should have known that he was about to doze off. The mere fact that petitioner arose early on the morning of the accident, as was his custom, certainly does not warrant such a finding. Thus, in our view, there is a lack of substantial evidence to support the determination of the Commissioner. Determination unanimously annulled, without costs. Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.