David T. Gibbons, J.
In this personal injury action, the plaintiffs move for summary judgment. In the moving papers it is stated that on July 11,1962, at about 6:00 p.m., plaintiff, David Martin, was driving a 1957 De Soto on Sunrise Highway in an easterly direction. His wife, plaintiff Rosalind, and the infant, plaintiff Ronald Martin, were riding with him. He stopped his vehicle at the intersection of Sunrise Highway and Merrick Avenue when the traffic signal light located at that intersection changed to red against him. His vehicle remained stopped for approximately 20 seconds, when it was struck with great force in the rear by defendant’s motor vehicle, injuring David Martin, Rosalind Martin and their infant son, Ronald Martin. A picture of the motor vehicle as it appeared after the accident is attached to the motion papers; the picture shows rear-end damage. In addition to that there is attached a report to the Motor Vehicle Department, dated July 13, 1962, signed by defendant Ronald Koehler. Defendant’s report of the accident indicates under item u 17 ” that the defendant’s vehicle was not under control. Furthermore, in item “ 24 ”, the defendant describes the occurrence as follows: “ Vehicle #1 was going eastbound on Sunrise Highway when he fell asleep at wheel and caused accident.”
It is the plaintiffs ’ contention that summary judgment should be given in their favor since the defendant’s negligence is proved by documentary evidence.
Defendant opposes this motion for summary judgment on the grounds that dozing or falling asleep at the wheel is not in and of itself negligence, and that there must be further proof that the defendant had a warning of the fact that he might doze at the wheel or that he had notice of his sleepy condition, and continued to drive, or that the defendant had prior experience of this sort.
Defendant submitted an affidavit in opposition dated August 27, 1963, stating that at about 6:00 p.m. on July 11, 1962, while proceeding in an easterly direction on Sunrise Highway in Merrick, New York, he momentarily dozed and was in collision with an automobile which had stopped at an intersection for a red traffic signal. He states that he was returning from his place of employment, and at no time prior to the accident had he felt drowsy, nor did he have any warning he was becoming drowsy, or that he would momentarily doze, and that he is at a loss to explain why he momentarily dozed as he had no prior experience of this sort.
In essence it is the defendant’s contention that the driver must know he is about to fall asleep, and if there are no circumstances to warn him in advance, then he is not guilty of negligence, per se. *764 This theory of law seems to have developed through the years in a series of cases involving article 78 proceedings, to annul a determination made by the Commissioner of Motor Vehicles, pursuant to section 71 of the Vehicle and Traffic Law (now § 510). The old section 71 gave, and the new section referred to gives the Commissioner of Motor Vehicles the right to revoke or suspend the license and registration to drive a motor vehicle. “ [F]or gross negligence in the operation of a motor vehicle or motorcycle or operating a motor vehicle or motorcycle in a manner showing a reckless disregard for life or property of others ”. (§ 510, subd. 3, par. [e].)
In Matter of Murphy v. Kelly (1 A D 2d 922) it was held that the driver had sufficient advanced warning of his sleepy condition; that he opened his vent wider, but realized it had no corrective effect, and that his continued driving thereafter, constituted reckless driving.
In Matter of Hernigle v. Macduff (281 App. Div. 118, revd. 305 N. Y. 367) it was held that the accident which occurred when respondent’s automobile veered to the wrong side of the road was causally related to respondent’s drowsy condition and that sufficiently in advance of the accident, respondent realized that he was in a state of drowsiness or in danger of dozing. The Court of Appeals held that there was sufficient basis for an administrative determination; that the licensee had operated his automobile in a manner showing reckless disregard for life or property of others. In Matter of Crawford v. Fletcher (278 App. Div. 1017), the Appellate Division, Fourth Department, held that there was insufficient evidence to warrant revocation of the motorist’s license, inasmuch as he fell asleep involuntarily and made an effort to fight off sleep. In Matter of Enos v. Macduff (282 App. Div. 116, mot. for lv. to app. den. 282 App. Div. 829) it was found that there was substantial evidence to sustain the determination that the defendant was grossly negligent in the operation of his motor vehicle where the motorist failed to navigate a curb and went into a ditch. The testimony was that he worked 14 hours that day. He realized he felt drowsy about five minutes before the accident, and he was in danger of falling asleep. In spite of this knowledge and consciousness.of his condition, he continued on at a fast rate of speed. In Matter of Novesky v. Macduff (280 App. Div. 953) it was held that in the absence of proof, that the motorist knew or should have known that he was about to become drowsy, a finding of gross negligence or reckless disregard for life and property of others was not justified. Accordingly, the determination revoking the license *765 was reversed. In Matter of Tyson v. Macduff (285 App. Div. 907) the Appellate Division held that it was improper to revoke a license on a finding of gross negligence where the motorist fell asleep while driving, because there was no evidence that he had any previous warning of drowsiness. These cases are distinguishable from the case now before this court for a summary determination. In the cases referred to, the court was dealing with a statute requiring a showing of gross negligence as a basis for revocation of a license. Under the circumstances, in each of the cases, the court held that a warning is required where one falls asleep at the wheel while driving, in order to sustain a conclusion that the driver was grossly negligent or showed a reckless disregard for life or property of others. The rule that governed these cases appears to have crept into the determination of other cases where the defendant fell asleep at the wheel. Thus, in Vignola v. Britts (11 A D 2d 801) we find language as follows: “ In determining whether the driver who fell asleep at the wheel was negligent, the most important consideration is whether he had any warning of the likelihood of his falling asleep (Butler v. Albert, 1 A D 2d 43; Donahue v. Romahn, 10 A D 2d 637).”
In the case quoted as well as the cases therein cited, there were questions of contributory negligence which in and of themselves would have required the court to find that there was an issue of fact to be determined. So that while we have the feature of “Warning,”- as an aspect of Vignola v. Britts, and the cases referred to therein, this feature was not entirely determinative of the issues.
In the case now before the court, the defendant would cast upon the plaintiffs the burden of proving in the first instance matters which are beyond human capability to accomplish, that is, the defendant contends that the plaintiffs must submit ‘ ‘ Further proof that the defendant had warning of the fact that he might doze at the wheel or had noticed of some sort of his sleepy condition and continued to drive, or that defendant had prior experiences of this sort. ’ ’
.In Stanley v. Burnside (20 Misc 2d 932, affd. 10 A D 2d 652) defendant claimed that he fell asleep at the wheel of his car without any prior indication or knowledge of drowsiness or tiredness on his part. His attorney claimed that an operator of a motor vehicle is not negligent as a matter of law when he falls asleep while driving, and that such a circumstance merely creates an inference of negligence. The court held that falling asleep at the wheel creates a rebuttable presumption of negli *766 gence, placing upon the defendant the burden to offer proof of the circumstances under which he was operating the vehicle. In that case, in finding for the plaintiff on a motion for summary judgment, the court said that the defendant made no attempt in his opposing papers to come forth with facts to rebut the inference of negligence, and thereby, to create an issue of fact regarding due care.
It is noted that in this case now before the court for summary judgment, there is a similar set of circumstances. The motor vehicle report dated July 13,1962, states that the defendant was driving eastbound on Sunrise Highway when he fell asleep at the wheel and caused the accident. The report further states that the vehicle was not under control. The defendant offers no explanation or excuse for his conduct. A sleeping motorist who fails to offer any excuse or explanation for his conduct is guilty of negligence as a matter of law (Bonanno v. Hanes, 215 N. Y. S. 2d 846). Human experience dictates that sleep does not come unheralded (Bushnell v. Bushnell, 103 Conn. 583). The defendant was the operator of the vehicle which was involved in the accident with the plaintiffs. He was physically present at the wheel and charged with control of this dangerous instrumentality. The defendant admits that the vehicle was not under control. He states that he had no warning that he was going to fall asleep. This does not explain why he did not have his vehicle under control. Having failed to show any evidence of circumstances in excuse or justification of his conduct in falling asleep behind the wheel of his motor vehicle, defendant has not rebutted the inference of negligence so as to create an issue of fact regarding due care.
That the question of defendant’s liability has been posed on a motion for summary judgment rather than on a trial does not absolve the defendant from the necessity of producing facts rebutting the inference of negligence, which is implicit in his falling asleep at the wheel, and in having his “ Vehicle not under control ”.
Defendant must assemble and reveal his proof in order to show that the matters set forth in his answer are real and capable of being established on a trial as an issue of fact or as a means of defeating the plaintiffs’ cause of action.
Plaintiffs established, by the proof offered on the motion for summary judgment, that the defendant was negligent. Defendant offers no proof to refute the inference created.
A motion for summary judgment may not be defeated on the basis of surmise or conjecture, much less can it be defeated where the defendant fails to offer any excuse or explanation whatsoever *767 for falling asleep at the wheel and not having his vehicle under control.
The defendant having failed to come forward with any facts to overcome the presumption which favors the plaintiffs, the motion for summary judgment is granted.