Max HABER, individually and as Executor of the Goods, Chattels and Credits that were of George Haber, Deceased, Plaintiff,

v.

The COUNTY OF NASSAU and Robert Sehlmeyer, Defendants.

No. 73 C 1408.

United States District Court, E. D. New York.

April 1, 1976.

Leonard A. Sheft, Schneider, Kleinick & Weitz, New York City, for plaintiff.

Bower & Gardner, New York City, for defendants.

## MEMORANDUM AND ORDER

PLATT, District Judge.

By Order to Show Cause with an affidavit and a copy of the complaint annexed, defendant, County of Nassau, moved for an order pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure dismissing the complaint against it on the ground that the complaint fails to state a claim upon which relief can be granted and on the ground that this Court lacks subject matter jurisdiction of plaintiff's claims.

The bases for the said defendant's motion are that (i) Nassau County is not a person under 42 U.S.C. §§ 1983 and 1985 (*Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *Moor v. County of Alameda*, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596), (ii) jurisdiction does not lie against the County under 28 U.S.C. §§ 1331 and 1343(3) and/or the Fourteenth Amendment to the Constitution under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and (iii) this Court should not exercise pendent jurisdiction given the facts and circumstances of this case (*Moor v. County of Alameda*, *supra*).

Defendant Nassau County's first point is well taken and it is clear under the cited authorities that plaintiff's claims, at least insofar as they may be deemed federal claims, may not be sustained against the defendant County under 42 U.S.C. §§ 1983 and 1985. Moreover, in view of *Monell v. Department of Social Services of the City of New York*, 532 F.2d 259 (2d Cir. 1976), they may not be sustained against the defendant Sehlmeyer in his official capacity under such statutes.

In view of the decision of this Court with respect to said defendant's third point, it is not necessary at this juncture to decide the "difficult and troublesome constitutional questions" raised by the *Bivens* decision when it is considered in a Fourteenth Amendment context. See *Fine v. The City of New York*, 529 F.2d 70, 76 (2d Cir. 1975); *Brault v. Town of Milton*, 527 F.2d 730 (2d Cir. 1975); *City of Kenosha v. Bruno*, 412 U.S. 507, 516, 93 S.Ct. 2222, 2228, 37 L.Ed.2d 109, 118 (1973) (Brennan & Marshall, JJ., concurring). See also *Monell v. Department of Social Services of the City of New York*, *supra*, and cf. *Turano v. Board of Education*, 411 F.Supp. 205 (E.D.N.Y.1976) (Supplemental Opinion).

With respect to defendant's third point, plaintiff's complaint alleges five claims. The first claim, plaintiff now says, is brought against both defendants for violation of his civil rights under the First, Fourth, Sixth, Ninth, Tenth and Fourteenth Amendments to the Constitution and Title 28 U.S.C. §§ 1331(a) and 1343(3), and is against the individual defendant Sehlmeyer for violation of such rights under 42 U.S.C. §§ 1983 and 1985. In essence, it alleges that the individual defendant was a Police Sergeant of the County of Nassau; that he was acting in a representative capacity under color of law and within the scope of his employment; that he was authorized and required to carry a police service revolver; and that he, without justification and with malice, reckless and wanton and willful abandon, did shoot and kill the plaintiff's intestate. The complaint seeks damages in the sum of One Million ($1,000,000.00) Dollars and punitive damages in the sum of an additional One Million ($1,000,000.00) Dollars.

In his second claim, plaintiff repeats the allegations contained in the first claim and then seeks One Million ($1,000,000.00) Dollars for the wrongful

death of his son and an additional One Million ($1,000,000.00) Dollars for punitive damages from both defendants.

Plaintiff's third claim is against the County of Nassau alone and charges that it "could have or should have ascertained that the defendant, Robert Sehlmeyer, had vicious tendencies, was emotionally unstable and was not a proper person to entrust with a service revolver" and seeks again the same damages and punitive damages.

In his fourth claim against both defendants, plaintiff asserts that the decedent survived the shooting for some time before dying as a result thereof, and during the interim period suffered great physical pain and anguish and underwent medical care and attention at considerable expense, and plaintiff seeks damages of Fifty Thousand ($50,000.00) Dollars therefor.

Plaintiff's fifth claim (again repeating the allegations in the first claim) lies against the individual defendant Sehlmeyer alone and charges him, while acting under color of law and within the scope of his employment, with using excessive force and malice when he shot to kill and killed without provocation or just cause the decedent and again seeks the same amounts in damages and punitive damages as in the first three claims.

It seems clear that it may reasonably be maintained that the first and fifth of the five claims set forth claims against the defendant Sehlmeyer which are within this Court's jurisdiction. *Paul v. Davis*, —— U.S. ——, 96 S.Ct. 1155, 47 L.Ed.2d 405, 44 USLW 4337 (1976). It may also be maintained that jurisdiction with respect to the remaining three claims may be had under the doctrine of pendent jurisdiction.

■ As indicated, regardless of what may be said about this Court's jurisdiction under the Fourteenth Amendment and 28 U.S.C. § 1331 over the plaintiff's first claim against the defendant County of Nassau, there is no question but that this Court would have jurisdiction over any such claim if it was brought against defendant Robert Sehlmeyer *in his individual capacity* under 42 U.S.C. §§ 1983 and 1985. *Paul v. Davis, supra*, does not appear to hold to the contrary. *Paul v. Davis* seems only to say that "the Fourteenth Amendment [is not] a font of tort law to be superimposed upon whatever systems may already be administered by the States" or that not every tort actionable under State laws is also actionable under such Amendment. Deprivation of life under color of law without due process would still appear to be actionable in the Federal Courts, *Screws v. United States*, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945).

We note also that the recent opinion of the Court of Appeals in *Monell v. Department of Social Services of the City of New York*, 532 F.2d 259 (2d Cir. 1976), contains nothing casting doubt on the above conclusions. That decision held that an action could not be brought for damages under § 1983 * against municipal officials *in their official capacities.* Of course, to hold as well that suits could not be brought under § 1983 against officials in their *individual* capacities would be virtually to repeal the section, and the *Monell* court left no doubt that it intended nothing of the sort.

■ The question for this case then becomes, may plaintiff's first and fifth claims be read as a claim against Sehlmeyer individually, or must they be construed as against Sehlmeyer officially? The answer, we think is that they may be read as a claim against Sehlmeyer individually. The complaint's eighth and twenty-fifth paragraphs allege that Sehlmeyer acted "without justification and with malice, reckless and wanton and willful abandon." That certainly is the equivalent of a charge that the defendant acted with "malice" and in an "arbitrary manner", *Monell v. Department of Social Services of the City of New York, supra*, 532 F.2d at 265 and that he as an individual is therefore

---

* We assume for these purposes that the *Monell* rationale is equally valid under § 1985.

charged with misconduct. While not all language in the claims points in this direction, anything inconsistent may be treated as surplusage or, at worst, an effort by plaintiff to sue Sehlmeyer both individually and officially. Under the latter interpretation we of course simply follow *Monell* by disallowing the suit against Sehlmeyer in his official capacity. The result is that any judgment under the first and fifth claims that might be obtained would not be due from the County of Nassau, but only from Sehlmeyer himself, and that the claims are not barred under the *Monell* rationale.

In short, this Court has jurisdiction over the claims brought under 42 U.S.C. §§ 1983 and 1985 against defendant Sehlmeyer in his individual capacity. The question thus arises whether the Court has the power to hold, and if it does whether in the exercise of its discretion the Court should hold, that it has pendent jurisdiction over the remaining claims against Sehlmeyer and against the County of Nassau.

There seems to be little doubt, under the law as stated by the Court of Appeals in this Circuit, that this Court has the power to hold that such claims are properly within its jurisdiction under the doctrine of pendent jurisdiction. *Almenares v. Wyman*, 453 F.2d 1075 (2d Cir. 1971), *cert. denied*, 405 U.S. 944, 92 S.Ct. 962, 30 L.Ed.2d 815 (1972); *Leather's Best, Inc. v. S.S. Mormaclynx*, 451 F.2d 800 (2d Cir. 1971); *Astor-Honor, Inc. v. Grosset & Dunlap, Inc.*, 441 F.2d 627 (2d Cir. 1971); *Hipp v. United States*, 313 F.Supp. 1152 (E.D.N.Y.1970).

█ The sole question therefore is whether the Court should exercise its discretion to retain jurisdiction of claims two through four. See *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

The shooting or alleged wrong in this action occurred on September 29, 1972, and plaintiff filed his complaint in this Court on September 19, 1973. On or about September 21, 1973, plaintiff commenced an action in the Supreme Court, Nassau County, in which he alleged essentially the same causes of action as are set forth in the above-described claims herein. By motion returnable on January 4, 1974, defendants moved this Court for an order dismissing plaintiff's complaint or, in the alternative, staying the prosecution thereunder until the State Court action was finally disposed of.

Plaintiff's counsel has advised that by reason of such motion plaintiff discontinued his action in the Supreme Court, Nassau County, and that the statute of limitations prescribed by the New York Civil Practice Law and Rules now bars the recommencement of such action.

Virtually on the eve of trial, and after the statute of limitations had thus run, the defendants made the present motion, asserting that this Court lacks subject matter jurisdiction of the claims against the County of Nassau.

The basis for each of plaintiff's claims in his first, fifth and second through fourth claims are the alleged wrongful shooting and killing of plaintiff's intestate by the individual defendant, an admitted employee of the County of Nassau. As was stated in *United Mine Workers of America v. Gibbs, supra*, at pp. 725–26, 86 S.Ct. at p. 1138, 16 L.Ed.2d at p. 227 (footnotes omitted):

" . . . Pendent jurisdiction, in the sense of judicial *power*, exists whenever there is a claim 'arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority * * *,' U.S.Const., Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.' The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. *Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062. The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be

expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole.

" . . . It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants".

Given all the circumstances, this Court feels that it might well be held to have abused its discretion if it failed to exercise pendent jurisdiction in this case. In any event, the Court feels that pendent jurisdiction is proper and appropriate and accordingly the Court will exercise such jurisdiction over the second, third and fourth claims set forth in plaintiff's complaint herein.

For the foregoing reasons defendant County of Nassau's motion to dismiss plaintiff's complaint must be and the same hereby is denied.

SO ORDERED.