Max HABER, as executor of the Goods, Chattels and Credits that were of George Haber, Deceased, and Max Haber, Individually, Plaintiff,

v.

The COUNTY OF NASSAU and Robert Sehlmeyer, Defendants.

No. 73 C 1408.

United States District Court,
E. D. New York.

Sept. 9, 1976.

Leonard A. Sheft, Schneider, Kleinick & Weitz, New York City, for plaintiff.

Bower & Gardner, New York City, for defendants.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Defendants renew their motion made at the close of the proof on the entire case for a directed verdict and move for judgment notwithstanding the verdict or, in the alternative, for a new trial (FRCP 50).

The Court reserved decision on defendants' motion made at the end of the case and submitted the issues on the following three claims in plaintiff's complaint, as amended, to the jury:

1. An alleged violation of plaintiff's son, George Haber's, civil rights by the defendant Sehlmeyer (on which the jury returned a verdict for said defendant).

2. Wrongful death of George Haber based on the alleged negligence of the defendants (on which the jury returned a verdict for the plaintiff for $100,000).

3. Conscious pain and suffering of George Haber based on said negligence (on which the jury returned a verdict for the plaintiff for $25,000).

Prior to the trial the defendant County of Nassau moved to dismiss all three claims on the ground of lack of jurisdiction. This Court granted said defendant's motion as to the first claim but denied it as to the second and third claims under the doctrine of pendent jurisdiction (411 F.Supp. 93 (E.D.N.Y. 1976)). Subsequent to the trial and verdict in this case the United States Supreme Court has in another case held the latter part of the Court's decision to be in error and that plaintiff's second and third state law claims are "without the statutory jurisdiction" of this Court. *Aldinger v. Howard et al.,* —— U.S. ——, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). Accordingly, the verdict against the County of Nassau must be set aside and plaintiff's claims against said defendant must be and the same hereby are dismissed.

This then leaves only the second and third claims against the defendant Sehlmeyer. As to these, in view, *inter alia*, of the notes sent to the Court by the jury (Court's Exhibits 2 and 4):

"(1) If we find in favor of the plaintiff on claim # 1 do we then have to determine a monetary value for damages; and if so, will the Officer be held responsible for that amount?

"(2) Also, on claims no. 2 & 4,[1] if we find in favor of the plaintiff do we have to determine a monetary value for damages? and if so, do we determine the amount which each defendant pays?

                                Thomas Pasqua"

and

"[Question] I hate to be redundant, but we are still confused on one issue. Regarding claims # 2 and # 4. Can we find the following verdict, if we so wish?

"In favor of the plaintiff, but against Nassau County only (and not against the Officer).

                                Thomas Pasqua",

a new trial must be ordered even if this Court's judgment notwithstanding the verdict against the defendant Sehlmeyer is not sustained.

It would be manifestly and grossly unfair to permit the verdict in a case such

---

1. "Claim 4" was the "pain and suffering" claim referred to above as # 3.

as this, rendered against a municipal corporate employer and its employee, to stand against an individual alone when it is discovered after the verdict that jurisdiction never existed against the corporate employer. It is in reality no different than having erroneously instructed a jury that an individual defendant was covered by an unlimited insurance policy and that they could consider that fact in arriving at a verdict.

■ Regardless of this recent development in the law, the Court had, prior to reading the Supreme Court's opinion in the *Aldinger* case, concluded that it had erred in its submission of the case to the jury and should have granted defendants' motion for a directed verdict on the ground that the proof as to George Haber's contributory negligence being a proximate cause of the accident herein, was overwhelming and essentially uncontradicted, and that it barred plaintiff from any recovery herein. The jury's contrary conclusion in this case has so shocked the conscience of this Court that it feels it cannot under any view of the facts sustain the same.

For the moment and for the purpose of this portion of the motion, defendant Sehlmeyer's negligence as a proximate cause of the accident may be assumed. The sole question then is: Was George Haber guilty of negligence which contributed to or was a proximate cause of the same accident. The facts as to this are clear.

At approximately 8:30 PM on September 29, 1972 at a rock concert at the Nassau Coliseum, George Haber ingested 22 nanagrams per 100 liters of his blood of the hallucinogenic drug known as LSD in violation of the New York Penal Law § 220.05 [2] and thereafter smoked an unspecified number of marijuana cigarettes and proceeded to go on a "trip" for a period of at least four hours. Compound use of drugs in this fashion indisputably potentiates the effects thereof.

Within three hours after such ingestion, George Haber had repeatedly tried to push his way back into the concert without a ticket, had lain on his stomach at one of the entrances looking at passers-by, had grabbed a 15 year old girl on the buttocks and seized another by the arm, had initiated a fight with Sgt. Sehlmeyer when the latter attempted to stop and question him, had slugged Sgt. Sehlmeyer to the ground and wrestled to a point on top of him, had broken loose from Sgt. Sehlmeyer and attempted to get away in the defendant's police car and had made further attempts to resist arrest and engage in fights and struggles with the defendant Sehlmeyer (New York State Penal Law §§ 240.25, 205.-05, 130.55, 120.20, 120.00).

Each and every one of George Haber's violent and abnormal actions and acts during the course of the defendant Sehlmeyer's attempt to stop and question him was caused by the undeniably negligent, indeed wilful, act of taking LSD and smoking "pot." All of his mindless and unreasonable conduct and behavior was governed and permeated by these acts. His mind was, to put it in the vernacular, "spaced out" and he was, simply stated, completely out of control.

To independent observers: "the kid was acting beserk"; "He wasn't a normal person"; he appeared "irrational", "violent" and "wild".

To say under such circumstances and the undisputed facts in this case that George Haber's wilful or negligent acts of taking drugs did not contribute to or proximately cause the result in this case is to indulge in nothing but pure fantasy and theory. The fact of the matter is that neither George Haber (drug-free) nor any other normal human being would have done or attempted to do that which George Haber did during the course of the events which concededly occurred unless he was (as Haber was) out of his mind.

It is axiomatic that an individual must be held responsible for his own acts. In this case George Haber must be held responsible

2. Since revised—see current §§ 220.03 and 220.09(5).

for "spacing" himself "out" and causing himself to lose control of his mind and actions, conduct and behavior. Any other result would be to condone, nay encourage, individuals in a belief that the law will not hold them responsible for their own acts.

In *People v. Decina*, 2 N.Y.2d 133, 157 N.Y.S.2d 558, 138 N.E.2d 799, the Court of Appeals held that it was culpable negligence for one subject to epileptic attacks to operate a motor vehicle and made the following particularly pertinent observations 2 N.Y.2d at pp. 139, 140, 157 N.Y.S.2d 558 at pp. 564, 565 (1956):

". . . The statute (Section 1053–a of the Penal Law) does not require that a defendant must deliberately intend to kill a human being, for that would be murder. Nor does the statute require that he knowingly and consciously follow the precise path that leads to death and destruction. It is sufficient, we have said, when his conduct manifests a 'disregard of the consequences which may ensue from the act, and indifference to the rights of others. No clearer definition, applicable to the hundreds of varying circumstances that may arise, can be given. . . .'

\* \* \* \* \* \*

"To hold otherwise would be to say that a man may freely indulge himself in liquor in the same hope that it will not affect his driving, and if it later develops that ensuing intoxication causes dangerous and reckless driving resulting in death, his unconsciousness or involuntariness at that time would relieve him from prosecution under the statute. His awareness of a condition which he knows may produce such consequences as here, and his disregard of the consequences, renders him liable for culpable negligence, as the courts below have properly held (*People v. Eckert*, 2 N.Y.2d 126, 157 N.Y.S.2d 551, 138 N.E.2d 794, decided herewith; *People v. Kreis*, 302 N.Y. 894, 100 N.E.2d 179; *Matter of Enos v. Mac-*

duff, 282 App.Div. 116, 121 N.Y.S.2d 647; *State v. Gooze*, 14 N.J.Super. 277, 81 A.2d 811). To have a sudden sleeping spell, an unexpected heart or other disabling attack, without any prior knowledge or warning thereof, is an altogether different situation (see *Matter of Jenson v. Fletcher*, 277 App.Div. 454, 101 N.Y.S.2d 75, affd. 303 N.Y. 639, 101 N.E.2d 759), and there is simply no basis for comparing such cases with the flagrant disregard manifested here."

So also in the case at bar, to hold that George Haber "may freely indulge himself" in LSD and marijuana "in the same hope that it will not affect his" conduct, and that "if it later develops that ensuing intoxication causes dangerous and reckless (acts) resulting in death, his unconsciousness or involuntariness at that time would relieve him from" being held culpably negligent, would be contrary to the laws of the State of New York.

Similarly, the New York courts have repeatedly held a plaintiff to be barred from recovery where "he consciously assumed the risk of the harm he ultimately suffered during the fight": *Jones v. Kent*, 35 A.D.2d 622, 623, 312 N.Y.S.2d 728, 730 (3d Dept. 1970); *Ruggerio v. Board of Education*, 31 A.D.2d 884, 298 N.Y.S.2d 149 (4th Dept. 1969), aff'd 26 N.Y.2d 849, 309 N.Y.S.2d 596, 258 N.E.2d 92 (1970); *Utica Mut. Ins. Co. v. Amsterdam Color Works*, 284 App.Div. 376, 131 N.Y.S.2d 782 (1st Dept. 1954), aff'd 308 N.Y. 816, 125 N.E.2d 871 (1955).

In the instant case it is true that the decedent may not "knowingly and consciously (have) follow(ed) the precise path that (led) to death and destruction", but it is equally true that "his conduct manifest(ed) a 'disregard of the consequences which (might) ensue from the act (of taking drugs), and indifference to the rights of others" (2 N.Y.2d at p. 139, 157 N.Y.S.2d at p. 564, 138 N.E.2d at p. 803). There is no question but that such act was negligent (if not criminally or culpably negligent) and

contributed to or was a proximate cause of the eventual accident herein.

In addition, although there is no need to consider the matter in the light of the foregoing, there is a substantial question whether plaintiff proved any negligence, as distinguished from an assault or intentional tort, on the one hand, or justifiable conduct in an emergency on the other, on the part of the defendant Sehlmeyer. "Monday-morning quarterbacking" may well be permissible in football, but it has no place in the law. As the New York Court of Appeals has repeatedly said (2 N.Y.2d at p. 67, 156 N.Y.S.2d at p. 836, 138 N.E.2d at p. 219):

> "When a defendant is faced with an emergency without opportunity for deliberation, thought or consideration, the ensuing accident may be within the field of nonliability for injury. *Meyer v. Whisnant*, 307 N.Y. 369, 121 N.E.2d 372; Prosser on Torts [2d ed.], § 32, pp. 137–138."

*Rowland v. Parks*, 2 N.Y.2d 64, 67, 156 N.Y.S.2d 834, 836, 138 N.E.2d 217 (1956); *Amaro v. City of New York*, 40 N.Y.2d 30, 386 N.Y.S.2d 19, 351 N.E.2d 665 (1976); *Lowery v. Manhattan Ry. Co.*, 99 N.Y. 158, 1 N.E. 608 (1885).

Given all of the foregoing, defendants' motion for judgment notwithstanding the verdict must be, and the same hereby is, granted, and judgment should be entered for the defendants herein dismissing plaintiff's complaint.

SO ORDERED.