■ DAMARIS OLMEDA, Respondent, v JENNIFER M. HUB-SCHMAN, Respondent, and MICHAEL SCHILDKRAUT et al., Appellants. [698 NYS2d 693] —In an action to recover damages for personal injuries, the defendants Michael Schildkraut and

Andrew Schildkraut appeal from an order of the Supreme Court, Suffolk County (Cannavo, J.), dated August 6, 1998, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

This action arises from a multi-vehicle accident which occurred on the William Floyd Parkway at or near the intersection of a Long Island Railroad (hereinafter LIRR) crossing. The William Floyd Parkway is a three-lane highway.

The plaintiff's vehicle was stopped in the left lane awaiting a train to pass. A vehicle driven by the appellant Andrew Schildkraut and owned by the appellant Michael Schildkraut was stopped in the middle lane, some three to four feet away from the plaintiff's vehicle and some eight to ten feet behind the vehicle in front of him.

The appellants' vehicle was struck in the rear by a vehicle operated by the defendant Jennifer Hubschman when its brakes failed and she was unable to stop. Upon impact, Andrew Schildkraut turned his steering wheel to the left, causing his vehicle to cross over into the plaintiff's lane, striking her vehicle.

Andrew Schildkraut was presented with an emergency situation with virtually no time to react (*see, Rivera v New York City Tr. Auth.,* 77 NY2d 322). Under the emergency circumstances presented, Andrew Schildkraut acted reasonably (*cf., Fermin v Graziosi,* 240 AD2d 365; *Greifer v Schneider,* 215 AD2d 354; *see also, Rowlands v Parks,* 2 NY2d 64, 67). Joy, J. P., Goldstein, McGinity and Feuerstein, JJ., concur.