In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Appeals Board dated August 28, 2012, affirming a determination of an administrative law judge dated October 11, 2011, which, after a hearing, suspended the petitioner’s driving privileges for a period of one year, the appeal is from a judgment of the Supreme Court, Dutchess County (Brands, J.) dated December 24, 2012, which granted the petition to the extent of reducing the suspension to a period of 60 days.
Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.
In this proceeding pursuant to CPLR article 78, the petitioner sought to annul a penalty imposed by the New York State Department of Motor Vehicles (hereinafter the DMV), suspending her driving privileges for a period of one year for her violation of Vehicle and Traffic Law § 1126 (a), which prohibits driving to the left of the center line in a no-passing zone. In her petition, the petitioner conceded that, on November 27, 2010, at about 5:34 p.m., she was driving on U.S. Route 9 in Putnam County when she fell asleep at the wheel, crossed over the center line, and hit another vehicle head-on, causing the death of the other driver. At the administrative hearing held by the DM^ the petitioner testified that she worked as a district manager for a major retail company, she drove long distances to several different retail stores for her job, and she had worked long hours during the week preceding the accident. At the time of the accident she was driving home, a distance of approximately 150 to 200 miles, and she was tired. She missed the exit for her usual route and was traveling north to Interstate Route 84 via U.S. Route 9, a road with which she was not familiar. She repeatedly testified that she did not recall the moments preceding the accident, did not recall seeing the decedent’s car prior to the accident, and did not recall crossing the center line.
In a written determination made after a hearing, an administrative law judge (hereinafter the ALJ) suspended the petitioner’s driving privileges for a period of one year upon finding that she had violated Vehicle and Traffic Law § 1126 (c) and that there were no contributing factors to the accident attributable to the decedent. The petitioner appealed to the DMV Appeals *727 Board, arguing that the penalty was disproportionate to her offense because there was no finding of gross negligence, she had a spotless driving record, and it was likely that a one-year suspension would cause her to lose her job. The DMV Appeals Board affirmed the ALJ’s determination, and the petitioner thereafter commenced this proceeding pursuant to CPLR article 78, seeking to annul the penalty on the ground that it was disproportionate to the offense and thus, in effect, an abuse of discretion. The Supreme Court granted the petition to the extent of reducing the license suspension to a period of 60 days.
Pursuant to Vehicle and Traffic Law § 510 (3) (a), the DMV is authorized, in its discretion, to suspend or revoke driving privileges for “any violation” of the Vehicle and Traffic Law. “An administrative penalty must be upheld unless it ‘is so disproportionate to the offense . . . as to be shocking to one’s sense of fairness,’ thus constituting an abuse of discretion as a matter of law” (Matter of Kreisler v New York City Tr. Auth., 2 NY3d 775, 776 [2004], quoting Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 237 [1974]). Judicial review of an administrative sanction is limited to the record adduced before the agency upon which the penalty was assessed (see Matter of Kelly v Safir, 96 NY2d 32, 39 [2001]).
Here, the administrative record before the DMV included the petitioner’s unblemished driving record prior to this accident and her assertion before the DMV Appeals Board, unsupported by any evidence, that she believed that her employer of 20 years would terminate her employment if she could not drive for one year. The record also included her undisputed testimony that she was driving on an unfamiliar road while she was tired after a long and exhausting work week, and that she had no recollection of the events immediately preceding the accident, when she admittedly fell asleep and crossed the center line, causing a head-on collision with resulting fatality. Under all of the circumstances of this case, the one-year suspension of the petitioner’s driving privileges was not so disproportionate to the offense as to be shocking to one’s sense of fairness, thus constituting an abuse of discretion as a matter of law (see Matter of Kreisler v New York City Tr. Auth., 2 NY3d at 776; Matter of Hernigle v Macduff, 305 NY 367, 369 [1953]; Matter of Rosenhauch v Swarts, 85 AD3d 1187 [2011]; cf. Matter of De Rooy v Martinez, 27 AD3d 1139 [2006]). Accordingly, the Supreme Court should have confirmed the determination. Angiolillo, J.P, Hall, Austin and Miller, JJ., concur.