GEORGE MOCHNAL, Appellant, v. MICHAEL PEGOS and GEORGE PEGOS, Respondents. JOHN C. JONES, JR., Appellant, v. MICHAEL PEGOS and GEORGE PEGOS, Respondents. PETER TUMAS, Appellant, v. MICHAEL PEGOS and GEORGE PEGOS, Respondents. JOHN JONES, SR., Appellant, v. MICHAEL PEGOS and GEORGE PEGOS, Respondents.— Plaintiffs have appealed from judgments of the Broome County Court, entered on verdicts of no cause of action, and from orders of such court, denying their motions for new trials. On November 28, 1937, plaintiffs were passengers in a car belonging to defendant George Pegos, and driven by his brother, the codefendant Michael Pegos, from Scranton to Binghamton. While traveling at the rate of thirty-five to forty miles an hour near Binghamton the car left the road and for a distance of ninety to one hundred feet traveled on the

shoulder, knocked down a tree three inches in width and finally came to rest at a telegraph pole with which it collided. The proof is that the driver went to sleep at the wheel. By reason of what happened the passengers in the car were injured, as a result of which they instituted these actions to recover their damages. Plaintiffs testified that the driver apparently was not asleep and that they failed to observe anything about his conduct which would indicate to them that it was dangerous for him to drive the car. The court charged the jury that it is a question of fact whether the driver was guilty of negligence in operating the car which resulted in the accident. Counsel for plaintiffs requested the court to charge: " That if Michael Pegos, the driver, did go to sleep driving the car knowing there were people in the car and that by reason of that act on his part this car left the road and struck the pole, then the jury would have a right to find that that was a negligent act and that his negligence in so going to sleep and so losing control of the car was the reason for this accident." The court declined to charge as requested, " for the reason that I have substantially covered that very circumstance in connection with another phase of the case and I decline to do so separately from what I have said in respect to that liability." We think the court erred in declining to charge as requested and we are likewise convinced that the finding of the jury that the driver in the car was not negligent is against the clear weight of the evidence. Judgments and orders reversed, on the law and facts, and new trial granted, with costs to the appellant in one action to abide the event. Hill, P. J., Bliss and Heffernan, JJ., concur; McNamee, J. (dissenting): On all the evidence a question of fact was presented, whether the driver was in condition to operate the car because of lack of sleep or because of intoxication, and, therefore, fell asleep. And in either event the other plaintiffs were familiar with all the facts leading up to the accident. The opposite may not be said as a matter of law.