Richard J. Butler, Appellant, *v.* Paul H. Albert, Respondent.

Third Department, December 23, 1955.

*Timothy F. O'Brien* for appellant.

*Henry S. Bayly* and *Bernard Simon* for respondent.

Bergan, J. While plaintiff was a passenger riding in his own car driven by defendant, who is his brother-in-law, an accident occurred and plaintiff was injured. They had together visited several taverns; both had been drinking; they were on their way home after midnight.

The car ran off the highway and struck a telephone pole. Plaintiff had at once fallen asleep when he got into the car; the driver fell asleep at the wheel while driving. There was a trial of plaintiff's negligence action against the driver and the verdict of the jury was for the defendant. It is argued by plaintiff on

appeal that the verdict in favor of the defendant is against the weight of the evidence and that there ought to be a new trial.

Where reasonable men might differ on what should be made of the facts of such a case as this, the court ought not readily interfere with the jury's way of treating them. We think, indeed, that the verdict for the defendant is justified when one reads in review the record on appeal.

The jury would, in the first place, be warranted in approaching the question of credibility here with a sense of caution. The parties are related by marriage. There is more than a mere suggestion in the record that plaintiff, rather than the defendant, was actually the driver of his own car at the time of accident. Only on the supposition that defendant was driving it lies the opportunity for a lawsuit. Plaintiff had been driving it with defendant as a passenger at least during some of the time they were stopping at taverns before the trip for home started. A State trooper, called by plaintiff, testified that immediately after the accident the plaintiff told him he was the driver as well as the owner of the car.

The jury could have based its verdict for the defendant driver on either or both of two alternative grounds. It could find plaintiff had failed to meet the burden of proof in satisfying it that it was negligent in this case for the defendant to fall asleep at the wheel. It has, of course, been found factually in other cases by other juries that a weary man, or one under the influence of alcohol or other drug was more likely to fall alseep than another, and was negligent when casualty resulted from his sleeping at the wheel.

Such verdicts have been sustained as a matter of law and have been sustained as consistent with the weight of evidence. But these affirmative findings in differing circumstances do not set up a rule of law or a policy on the weight of evidence that in every case of falling asleep at the wheel a verdict for the driver must be held to be against the weight of evidence. Weariness, as everyone knows who has tasted it, is a matter of degree; and sleep sometimes presses down without warning. Its presence is not always readily predictable, even with reasonable care and foresight. We think merely because defendant said, in a full retrospect of events, that he was " tired " the jury did not have to find he was negligent driving the car feeling that way.

If we turn our attention to the other alternative ground upon which the jury could rest a verdict for the defendant, we see that it could find that plaintiff had failed to meet the burden of

proof on his own freedom from contributory negligence. If, as plaintiff argues, it was negligent for defendant to drive because he was sleepy, it could be found that plaintiff was negligent in riding with an obviously sleepy driver.

Of course, the driver would be expected to know more about his own range of wakefulness than would the plaintiff; and the fact plaintiff promptly fell asleep when he got in the car is not necessarily to mean that he would expect the driver at the wheel to fall asleep also.

But plaintiff had the opportunity to observe the driver; they had been out for some hours together sharing similar experiences; and if plaintiff himself was very tired the jury might find that he should have expected the defendant to be very tired also; and that if there was negligence in driving that way, plaintiff shared it. The jury on this record might reasonably say plaintiff had not met the burden of showing his freedom from negligence. Thus we think that the verdict is consistent with the weight of evidence.

An error is assigned by the plaintiff to the charge. The court clearly and accurately stated the rule of law for the guidance of the jury in his main instructions. He said that in some situations the owner of a motor vehicle may recover from the operator of his own vehicle if the driver were negligent and the owner entirely free from negligence.

Plaintiff requested a charge " that the negligence of the driver in and of itself is not imputed to an owner present in the car at the time ". The court said that " I will charge that that is so in some circumstances. In this case, under the circumstances, it would be a question of fact for the jury whether it would be imputed to the passenger or owner, or not ".

The relevancy of a term such as " imputed negligence " is not readily to be seen in this kind of a case. It sometimes is found in expressions of relationship between present or absent owners of vehicles and operators in actions involving third parties.

Defendant's negligence, of course, was not " imputed " in that sense to plaintiff. If it were, plaintiff could not sue defendant; and the court had just finished telling the jury in some detail that plaintiff, even though owner, could recover if defendant were negligent and plaintiff were not himself personally negligent. This negates entirely negligence " imputed " by law from the driver to the owner.

But in telling a jury in the bald words of plaintiff's request, without definition of what " imputed " means, that the negligence of the driver is " not imputed " to plaintiff, a note of confusion would be added to the case. We think it need not have been charged this way in response to the request as framed.

It would have been technically correct to charge that as a matter of law plaintiff was not negligent merely because defendant be found negligent. But the fact the case was sent to the jury at all eliminates the need for such an instruction, which would be superfluous as one follows the tenor of the case.

We construe the instruction of the court in response to the request as telling the jury that whether plaintiff was or was not negligent in the light of defendant's negligence was a question of fact. To the extent the adoption from plaintiff's request of the word " imputed " in this context may be thought error, it was, in our judgment, harmless.

The judgment should be affirmed, with costs.

FOSTER, P. J., COON, HALPERN and ZELLER, JJ., concur.

Judgment affirmed, with costs.