■ ROSE A. VIGNOLA et al., Respondents, v. JACOB BRITTS, Appellant.— In an action to recover damages for personal injuries, arising out of a collision between two automobiles at an intersection controlled by a traffic light, the defendant appeals from an order of the Supreme Court, Suffolk County, entered March 7, 1960, granting plaintiffs' motion for summary judgment striking out defendant's answer (Rules Civ. Prac., rule 113). Plaintiff driver, Frank J. Vignola, claims that the traffic light was green in his favor as his automobile approached the intersection and that he saw nothing when he looked to his right; but that as he began to enter the intersection defendant's automobile suddenly appeared on his right, and the collision occurred. Defendant does not dispute the fact that he fell asleep at the wheel, but states that he did not realize how tired he was. Defendant also states that there was good visibility at the intersection. Order reversed, with $10 costs and disbursements, and motion for summary judgment denied. Falling asleep while driving is not negligence as a matter of law under all circumstances. In determining whether the driver who fell asleep at the wheel was negligent, the most important consideration is whether he had any warning of the likelihood of his falling asleep (*Butler* v. *Albert*, 1 A D 2d 43; *Donahue* v. *Romahn*, 10 A D 2d 637). Upon this record, it is our opinion that there is an issue of fact as to whether defendant had any such warning. There are also issues regarding contributory negligence on the part of the plaintiffs (*Shea* v. *Judson*, 283 N. Y. 393; *Nelson* v. *Nygren*, 259 N. Y. 71). With reference to the issues of contributory negligence, the essential facts are exclusively within the knowledge of the plaintiffs. Under the circumstances, therefore, summary judgment should not have been granted, despite the inability of defendant to controvert the facts in the moving affidavits (*De France* v. *Oestrike*, 8 A D 2d 735). Beldock, Acting P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.

■ JOHN L. WALLGREN, Appellant, v. SAMUEL SUCATO, Respondent.— In an action to recover damages for assault, the plaintiff appeals from an order of the Supreme Court, Dutchess County, dated December 15, 1959, granting defendant's motion to dismiss the complaint for failure diligently to prosecute the action, pursuant to rule 156 of the Rules of Civil Practice. Order reversed, without costs, and motion denied. It appears from the record that, prior to the service of the amended complaint in 1957, much of the delay was due to the fact that it takes from 2 to 3 years to properly determine the extent of the results or the success of the brain surgery performed upon plaintiff by reason of the injuries attributable to the assault. Plaintiff filed a note of issue and statement of readiness in 1958, and thereafter, in the Fall of 1959, there was a pretrial settlement conference. Furthermore, in November, 1959, shortly before the bringing of this motion, defendant served a demand for a bill of particulars. In view of the unusual circumstances of this case, and in view of the fact that defendant has not shown prejudice by reason of the delay, the complaint should not have been dismissed. Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.