**11** CATHERINE SMITH, Respondent, v. MATTHEW McINTYRE et al., Appellants.— In an action to recover damages for personal injury sustained by plaintiff, a passenger in an automobile owned by the defendant Clancy and operated by the defendant McIntyre, when the automobile went off the road and turned over, the defendants appeal from an order of the Supreme Court, Richmond County, dated September 5, 1963, which granted plaintiff's motion and which set aside the verdict in favor of defendants and directed a new trial. Order reversed, without costs; plaintiff's motion denied; and verdict for defendants reinstated. It was undisputed that the defendant McIntyre had been sleeping on the rear seat of the automobile for several hours while the owner (defendant Clancy) had been driving and that the accident occurred within 3 to 15 minutes after McIntyre took the wheel and started to drive. There was no testimony that McIntyre felt or displayed any signs of being drowsy, weary or under the influence of liquor when he was asked to drive and while he was driving, before he fell asleep or lost control. Under the circumstances herein, it was within the jury's province to find that defendant McIntyre fell asleep while driving, without any warning of drowsiness, and that the defendants were not negligent (*Vignola* v. *Britts,* 11 A D 2d 801; *Butler* v. *Albert,* 1 A D 2d 43; 28 A. L. R. 2d, pp. 23, 44–48). The setting aside of the verdict for the defendants may not be justified on the proof adduced. " The setting aside of a defendant's verdict in a tort case as against the weight of the evidence may not be justified ' unless it can be plainly seen that the preponderance in favor of the plaintiff is so great that the jury could not have reached the conclusion they did upon any fair interpretation of the evidence.' (*Solkey* v. *Beyer,* 238 App. Div. 809.) " (*Collins* v. *City of New York,* 263 App. Div. 893; *Areson* v. *Hempstead Bus Corp.,* 14 A D 2d 790; *Scheuerman* v. *Knapp Coal Co.,* 238 App. Div. 874.) Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.