■   HENRY C. PURCHASE, JR., Appellant, v. ELVIN F. JEFFREY, Respondent.— COOKE, J. Appeal (1) from a judgment of the Supreme Court in favor of defendant, entered February 5, 1968 in Clinton County, upon a verdict of no cause of action rendered at Trial Term, and (2) from an order of said court which denied plaintiff's motion to set aside the verdict. On November 14, 1966 at about 5:00 A.M. plaintiff, while en route from New York City to the Plattsburgh Air Force Base as a passenger in his own automobile, was injured when said vehicle, which was operated by defendant, left the northbound lane of Interstate Route 87 and struck two concrete abutments. There was evidence indicating: that the parties met in New York at about 11 the night before at which time plaintiff, because of not feeling well, asked defendant to drive; that after crossing the Tappan Zee Bridge plaintiff fell asleep in the back seat, awaking at Round Lake, near Saratoga Springs, where a stop was made for gasoline and soda; that Purchase then turned on the air-conditioning, directing a blast of cool air at the driver's face to keep him awake, and went back to sleep; that before re-entering the Northway the car stopped at a traffic light south of Keesville, Purchase woke up and asked, "How do you feel?", to which Jeffrey replied, "Well, feeling kind of tired, but I can make it, I think I can"; that plaintiff went back to sleep once again; and, when about five miles from destination, the car left the pavement and traveled 153 feet on the white gravel shoulder to a concrete pillar, careened off to a second pillar 19 feet distant, finally coming to rest about 350 feet from the first pillar. It was reasonable for the jury to draw the inference that respondent had fallen asleep and, if it so found, it need not have concluded that he was negligent, there being no rule or policy that in every case of falling asleep at the wheel a verdict for the driver must be held to be against the weight of the evidence (*Smith* v. *McIntyre*, 20 A D 2d 711; *Vignola* v. *Britts*, 11 A D 2d 801; *Donahue* v. *Romahn*, 10 A D 2d 637; *Butler* v. *Albert*, 1 A D 2d 43; cf. *Pfaffenbach* v. *White Plains Express Corp.*, 17 N Y 2d 132). Since there was testimony pointing to plaintiff's knowledge that respondent was tired, the jury was at liberty to find that the passenger was negligent in riding with an obviously sleepy driver and to say reasonably that plaintiff had not met the burden of showing his freedom from negligence (*Butler* v *Albert*, 1 A D 2d 43, 44–45, *supra*). It cannot be said that the jury could not have reached their conclusion upon any fair interpretation of the evidence. Judgment affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Cooke, J.