■ JOSEPH M. AIELLO, Respondent, et al., Plaintiff, v FREDERICK J. GARAHAN, Appellant. JAMES W. LEACH, Respondent, et al., Plaintiff, v FREDERICK J. GARAHAN, Appellant. — Order reversed, without costs, plaintiffs' motion

denied and verdict reinstated. Memorandum: Trial Term erred in setting aside the jury's verdict of no cause of action against plaintiffs and ordering a new trial. The evidence established that, at the time of the accident, defendant was going approximately 30 to 35 miles per hour, that the day was bright and clear, that defendant saw the flashing light on plaintiffs' police car ahead of him and saw a vehicle in his rear view mirror. Apparently without warning, defendant momentarily dozed at the wheel, crashing into the rear of plaintiffs' vehicle. The issue of defendant's negligence was a question of fact for the jury which resolved that issue in favor of defendant. The general rule is that falling asleep, without more, does not constitute negligence and a defendant driver may be excepted from liability for sudden and unforeseen loss of consciousness which results in an accident (see Ann., 93 ALR3d 326). "Falling asleep while driving is not negligence as a matter of law under all circumstances. In determining whether the driver who fell asleep at the wheel was negligent, the most important consideration is whether he had any warning of the likelihood of his falling asleep" (*Vignola v Britts,* 11 AD2d 801). Setting aside the verdicts cannot be justified because it cannot be said that the jury could not have reached the conclusion it did upon any fair interpretation of the evidence (see *Smith v McIntyre,* 20 AD2d 711). Concur — Dillon, P. J., Denman, Boomer and Schnepp, JJ.

Callahan, J., dissents and votes to affirm, in the following memorandum: I would affirm the order of the court setting aside the verdict in regard to the direct actions by the policemen. This case involves an action in negligence based upon an accident where the appellant's automobile veered off the road and crashed into a parked police car in which the plaintiffs, police officers, were seated. The police vehicle was completely off the road and on the shoulder. The lights on the roof of the police car and four-way flashers remained flashing throughout. The roadway was straight and level. The plaintiffs' vehicle was struck from behind by the defendant's automobile. The defendant theorized that he recalled seeing the flashing lights of the police car from a short distance down the road. That was the last thing he remembered until the "jolt woke [him] up". When asked why he didn't remember anything after seeing the flashing lights, he replied, "I evidently blacked out. Never had it happened before or since. I don't know". Defendant stated in the accident report that he fell asleep. The accident report contained no mention of the alleged blackout. Defendant's unexplained theory that he fell asleep or blacked out without reason was not sufficient as a matter of law (see *Arakelyan v Fiallo,* 32 AD2d 626; *Martin v Koehler,* 40 Misc 2d 762; *Bonanno v Hanes,* 215 NYS2d 846). Defendant's theory that he blacked out is not supported by competent medical testimony. The only medical evidence concerning loss of consciousness consisted of the cross-examination of plaintiff's doctor who stated that tension can cause loss of consciousness. There was no attempt to relate this statement with the circumstances of the defendant nor was there any evidence that the witness had any expertise in that field of medicine. The defendant presented no evidence to explain the reason for his loss of control of the vehicle. Rather, most of his evidence consisted of listing his personal and business problems. Due to defendant's failure to connect these problems with the alleged blackout through the use of competent medical testimony, it appears that the only reason for such testimony was to present the defendant as a person worthy of sympathy. The issue presented is whether or not the trial court was within its power in setting aside the verdict. Despite the often-cited standard that a verdict should not be set aside unless the jury could not have reached their conclusion upon any fair interpretation of the evidence (*Kimberly-Clark Corp. v Power Auth. of State of N. Y.,* 35 AD2d 330), it has been

said that the Trial Judge who presides at the trial, and is in the best position to evaluate errors therein, must decide whether substantial justice has been done and whether it is likely that the verdict has been affected. He must look to his own common sense, experience and sense of fairness rather than to precedents in arriving at a decision (*Micallef v Miehle Co., Div. of Miehle-Goss Dexter,* 39 NY2d 376). Due to the trial court's ability to view the trial first hand, a great deal of deference should be given to its decision to order a new trial (*Micallef v Miehle Co., Div. of Miehle-Goss Dexter, supra; Mann v Hunt,* 283 App Div 140). Therefore, it should not be said that the court below abused its discretion in ordering a new trial. (Appeal from order of Supreme Court, Oswego County, Donovan, J. — set aside verdict.) Present — Dillon, P. J., Callahan, Denman, Boomer and Schnepp, JJ.