■ STEVEN REYNOLDS, Respondent, v CREIGHTON MORFORD et al., Appellants Memorandum: Plaintiff commenced an action to recover damages for personal injuries sustained when the automobile in which he was a passenger was involved in a one-car accident. Defendant driver admitted that he fell asleep at the wheel. The court directed a verdict for plaintiff on the issue of defendant's negligence (CPLR 4401) at the close of defendant's proof. A motion for a directed verdict should be granted only if the jury could not find for the nonmoving party by any rational process, and the evidence must be viewed in the light most favorable to the nonmoving party *(Rhabb v New York City Hous. Auth.,* 41 NY2d 200, 202; *Van Syckle v Powers,* 106 AD2d 711, 713, *lv denied* 64 NY2d 609; *Ehlinger v Board of Educ.,* 96 AD2d 708, 709; *Le May v Frankel,* 80 AD2d 665; *Wessel v Krop,* 30 AD2d 764, 765). To direct a verdict in this case, the court necessarily found, as a matter of law, that defendant had warning of the likelihood of his falling asleep *(Aiello v Garahan,* 91 AD2d 839, 840, *affd* 58 NY2d 1078; *Vignola v Britts,* 11 AD2d 801). We find that, on the evidence presented at trial, a rational jury could have found that although defendant had warning that he was tired, he did not have warning that he was likely to fall asleep. "Weariness, as everyone knows who has tasted it, is a matter of degree; and sleep sometimes presses down without warning. Its presence is not always readily predictable, even with reasonable care and foresight" *(Butler v Albert,* 1 AD2d 43, 44; *see also, Purchase v Jeffrey,* 33 AD2d 620). In our view, the evidence presented a question of fact for the jury concerning defendant's negligence, and a directed verdict was improperly granted.

The trial court properly denied defendant's request to in-

struct the jury on the doctrine of express assumption of risk. Defendant wholly failed to meet his burden of demonstrating that he was absolved of his duty of due care by express agreement of the plaintiff to assume the risk *(Arbegast v Board of Educ.,* 65 NY2d 161).

Because a new trial is required, it is not necessary that we reach defendant's remaining contentions. (Appeal from judgment of Supreme Court, Erie County, Mintz, J.—negligence.) Present—Callahan, J. P., Doerr, Boomer, Lawton and Schnepp, JJ.