■ HAZEL I. S. BARLOW, Appellant, v HERTZ CORPORATION, Respondent and Third-Party Plaintiff, et al., Third-Party Defendant.—Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about September 21, 1989, which, *inter alia,* denied plaintiff's motion for summary judgment on the issue of liability, unanimously modified, on the law, to the extent of granting the motion as to liability, without costs.

Plaintiff Barlow commenced this action to recover damages for personal injuries she sustained when the automobile in which she was a passenger was involved in a one-car accident. The driver, plaintiff's husband, who had rented the car from defendant Hertz Corporation, admitted that he fell asleep at the wheel of the car, which then ran off the road, hit a guardrail and flipped over. There is no question that Hertz is subject to vicarious liability to plaintiff, who lost both arms as a result of the accident, for any negligence of her husband, since Hertz is the owner of the car. *(See, MVAIC v Continental Natl. Am. Group Co.,* 35 NY2d 260, 265 [1974]; Vehicle and Traffic Law § 388.)

The issue is, instead, whether or not the husband had any warning that he was at risk of falling asleep at the wheel. When deposed, he repeatedly testified that while plaintiff slept in the passenger seat, he "felt sleepy", "felt yawny", and was generally tired and drowsy. He further admitted that despite "feeling sleepy or drowsy", he continued to drive towards their destination in Scarsdale. Similarly, he made both written and oral statements to police and private investigators that he "was sleepy and knew [he] was getting sleepy" and should have stopped the car or opened the window "to make me stay awake."

Although the general rule is that summary judgment is a drastic remedy rarely granted in negligence cases, there are exceptions, when there is no genuine issue to be resolved at trial. *(Andre v Pomeroy,* 35 NY2d 361, 364 [1974]; *Parker v D/U Third Realty Co.,* 141 AD2d 301, 304 [1st Dept 1988].)

In the case at bar, a review of the record unequivocally resolves the issue of whether or not there was any warning that plaintiff's husband knew that he was in danger of falling asleep at the wheel of the car before it ran off the road. *(Arakelyan v Fiallo,* 32 AD2d 626 [1st Dept 1969]; *cf., Reynolds*

*v Morford,* 124 AD2d 978 [4th Dept 1986]; *Butler v Albert,* 1 AD2d 43, 44 [3d Dept 1955].) Thus, since there is no triable issue of fact, the IAS court erred when it denied plaintiff's motion for summary judgment on the issue of liability. We therefore reverse accordingly. Concur—Sullivan, J. P., Carro, Milonas and Rosenberger, JJ.