■ GREGORY JORIF et al., Appellants, v DOUGLAS S. JORIF, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Graci, J.), dated September 18, 1990, which denied their motion for summary judgment.

Ordered that the order is modified, on the law, by granting the motion to the extent of awarding summary judgment on the issue of liability to Luz Jorif, individually and as natural guardian of Mitzi Jorif, Christine Jorif, and Douglas M. Jorif, and to Mona Jorif, individually and as mother and natural guardian of Mallory Jorif, and otherwise denying the motion;

as so modified, the order is affirmed, with costs to the appellants.

The plaintiffs, occupants of the defendant's car, were injured when the defendant fell asleep while driving and lost control of his vehicle. At the time, the defendant and members of his family were returning to New York after a trip to Orlando, Florida. The defendant left Orlando at about 10:30 A.M., on July 21, 1989, and drove continuously until about 8:00 P.M., when he stopped for about an hour at an uncle's house in Palm Coast, Florida. About 9:00 P.M., the defendant resumed driving towards New York. At approximately 10:30 P.M., the defendant's brother, the plaintiff Gregory Jorif, took over the driving, and the defendant closed his eyes and rested for an hour and a half. Around midnight, the defendant resumed driving again. Approximately two hours into this leg of the trip, the defendant "felt a bit tired" and lowered his driver's side window "to stay awake". About four hours later, around 6:00 A.M., the defendant fell asleep at the wheel and lost control of his vehicle.

Under these circumstances, we conclude that the defendant was negligent as a matter of law. The accident occurred approximately 20 hours after the trip commenced. The defendant had driven approximately 17 of those 20 hours, including the last six hours continuously without stopping to rest. The defendant, by his own admission, continued driving four hours after becoming tired. Thus, he clearly "knew that he was in danger of falling asleep" and was negligent in continuing to drive without resting (see, Barlow v Hertz Corp., 160 AD2d 580; Arakelyan v Fiallo, 32 AD2d 626).

Accordingly, the infant plaintiffs are entitled to summary judgment on the issue of liability, as are their mothers who are seeking to recover for loss of their services. Because questions of fact exist as to whether the adult passenger Gregory Jorif was comparatively negligent, however, the motion was properly denied as to him. Bracken, J. P., Lawrence, Miller, Copertino and Santucci, JJ., concur.