■ CHRISTINE I. BARNEY, as Executrix of the Estate of FRANCES D. BARNEY, Deceased, et al., Appellants, v LAURIE J. BARNEY, Respondent. [614 NYS2d 70] —White, J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered January 5, 1994 in Franklin County, which denied plaintiffs' motion for partial summary judgment on the issue of liability.

The issue on this appeal is whether Supreme Court correctly determined that plaintiffs, on their motion for partial summary judgment in this action for wrongful death and conscious pain and suffering, failed to meet their burden of establishing defendant's negligence as a matter of law. The underlying facts are straightforward. It appears that defendant fell asleep as she was operating her vehicle in the early morning hours of September 27, 1992 along Route 11 in the Town of Malone, Franklin County. As a consequence her vehicle crossed the highway, went off the road and struck a culvert, causing plaintiffs' decedent, a passenger in defendant's car, to sustain serious injuries which allegedly led to her demise.

Contrary to plaintiffs' assertion, falling asleep at the wheel does not give rise to a presumption of negligence *(see, Reynolds v Morford,* 124 AD2d 978; *Purchase v Jeffrey,* 33 AD2d 620; *Butler v Albert,* 1 AD2d 43; 2B Warren, Negligence in the New York Courts, Driver of Vehicle, § 3.01 [3], at 295 [3d ed]). Instead, to establish negligence it must be shown that the driver continued to drive despite having had warnings of the likelihood of falling asleep *(see, Jorif v Jorif,* 188 AD2d 449; *Barlow v Hertz Corp.,* 160 AD2d 580).

Here, defendant states that on September 26, 1992 at about 9:30 P.M. she received a call from the Medical Center Hospital in Burlington, Vermont, advising her that a close friend was critically ill and wanted to see her. Defendant and decedent then left Malone at around 11:15 P.M. and drove to Burlington, arriving at about 1:00 A.M. on September 27, 1992. When they left Burlington at approximately 3:00 A.M., decedent was driving. Following a stop in Swanton, Vermont, for coffee, decedent continued to drive until she reached a point between

the Village of Rouses Point and the Town of Mooers in Clinton County. There, defendant took over the driving because she felt fine. As she drove the 40 to 45 miles to Malone, defendant states that she felt awake and drove with the windows open and the radio on to help her stay awake. She recalls passing various landmarks, including an antique store approximately a quarter mile from where the accident occurred at about 6:00 A.M. Despite having traveled most of the night, defendant avers that she felt awake during the entire trip home and had no physical warning that she might fall asleep.

This proof is unlike that in *Jorif v Jorif (supra)* and *Barlow v Hertz Corp. (supra),* where summary judgment was warranted because the drivers admitted that they continued to drive after feeling sleepy or becoming tired. Therefore, because there is no comparable proof in the record showing defendant's awareness of the fact that she was in danger of falling asleep, we find that Supreme Court's determination was correct. Thus, we affirm the order denying plaintiffs' motion.

Mercure, J. P., Casey, Weiss and Peters, JJ., concur. Ordered that the order is affirmed, with costs.