[646 NYS2d 429]

Susan A. Kilburn et al., Appellants, v Michael P. Bush et al., Respondents.

Fourth Department, July 12, 1996

## APPEARANCES OF COUNSEL

*William F. Lynn,* Syracuse, for appellants.

*Sugarman, Wallace, Manheim & Schoenwald, L. L. P.,* Syracuse *(Mary Smith, Laura A. Alderman* and *Timothy J. Perry* of counsel), for respondents.

## OPINION OF THE COURT

DENMAN, P. J.

We are called upon to revisit an issue that we have previously ruled upon: what is the measure of liability for a driver who falls asleep at the wheel, thus causing an accident? We now hold that evidence that a defendant driver fell asleep creates a presumption of negligence that, if not explained or justified by the defendant, results in a verdict for the plaintiff. If the defendant attempts to rebut the presumption by competent evidence explaining his conduct, a question of fact is created for the jury. To the extent that our decision in *Aiello v Garahan* (91 AD2d 839, *affd on other grounds* 58 NY2d 1078) is to the contrary, it will no longer be followed.

### FACTS

On the morning of August 16, 1993, at approximately 9:30 A.M., plaintiff Susan Kilburn was driving her vehicle south on Meeker Hill Road in Lafayette, New York, when she was struck head-on by a vehicle driven by defendant Michael Bush. Plaintiff commenced this action for medical expenses and pain and suffering as a result of the accident; Darrell Kilburn, plaintiff's husband, asserted a derivative claim for loss of services, society, and companionship. Paula Bush, defendant's mother and the owner of the vehicle, was also named as a defendant.

Just before the collision, plaintiff had reached the top of a steep hill and was entering a curve when she observed a vehi-

cle proceeding north in her lane. She applied her brakes, sounded her horn, and turned to the right, but could not avoid the vehicle. The point of impact was in the curve in the center of plaintiff's lane. Plaintiff sustained a compound fracture of the right tibia and fibula near the ankle.

Defendant was 16 years old and had a probationary driver's license at the time of the accident. He testified that he awoke early on the morning of the accident and had breakfast about 8:00 A.M. before traveling to a job unloading hay. He worked for about an hour and then drove to his supervisor's house to fill out a time card. He left his supervisor's house and had been driving for two or three minutes when the accident occurred. Immediately after the accident, defendant told a police officer that he had fallen asleep at the wheel. At an examination before trial and at trial, defendant testified that he fell asleep but had not felt drowsy at any time prior to the accident. Defendant further testified that he had taken two tablespoons of Benedryl, an allergy medication for hay fever, on the morning of the accident. He had previously taken Benedryl or other medications to alleviate his allergy symptoms, but they had not made him sleepy or drowsy.

Supreme Court charged the jury, in pertinent part, as follows: "I charge you that the mere act of falling asleep by itself unexpectedly and without warning is not negligence. Defendant Michael Bush claims he fell asleep while driving north on Meeker Hill Road. Accordingly, accordingly [sic], if you find defendant Michael Bush fell asleep unexpectedly, and without warning, and no action of his contributed to his doing so, and if you further find no other acts of his constitute negligence as I previously explained in this charge, contributed to the happening of this accident, and any injuries you find may have been sustained as a result thereof, you will find that the defendants were not negligent and render a verdict of no cause for action. However, if you determine that the defendant Michael Bush did not fall asleep unexpectedly, and without warning, and if you find he was negligent, as explained previously in this charge, and if you further find that such negligence was a proximate cause of this accident, and the injuries claimed by plaintiff, you will find for the plaintiff against the plaintiffs [sic] against the defendant".

Plaintiffs took an exception to that portion of the charge, contending that it was "unsupported by the type of proof we have in this case" and that the charge "imposed a burden" on plaintiffs that should have been on defendants. The court noted

the exception and stated that it believed the charge to be an accurate statement of the law. The jury returned a verdict in favor of defendants.

On appeal, plaintiffs contend that the court's charge to the jury as it related to the liability of a driver who falls asleep at the wheel is an incorrect statement of the law and confused the jury. Plaintiffs further contend that the charge impermissibly shifted the burden of proof, and that the failure of defendants to plead falling asleep at the wheel as an affirmative defense should have precluded the introduction of any evidence on that issue at trial.

## I

We first address the issue whether plaintiffs have preserved their objection to the charge. At trial, plaintiffs raised two objections: that the charge was not supported by the evidence and that it impermissibly shifted the burden of proof. Plaintiffs' contention on appeal is somewhat different, namely, that the charge is not an accurate statement of the law and that it confused the jury. Although those specific objections are not preserved, we exercise our discretion and reverse the judgment because we conclude that the charge was so inadequate as to preclude fair consideration by the jury of the issues to be resolved (*see, Shapiro v Art Craft Strauss Sign Corp.*, 39 AD2d 696; *Matter of Taylor*, 197 App Div 865).

## II

The state of the law to be applied when a driver falls asleep at the wheel has had a rather tortuous history. The first reported New York appellate case regarding a sleeping driver is *Mochnal v Pegos* (257 App Div 890). There, plaintiff requested the court to charge that, if the defendant driver had fallen asleep, " 'then the jury would have a right to find that that was a negligent act and that his negligence in so going to sleep and so losing control of the car was the reason for this accident' " (*Mochnal v Pegos, supra,* at 891). The trial court refused to so charge; the Third Department reversed, holding that the refusal was error, and granted a new trial. *Mochnal* has been cited for the proposition that, where a driver allows himself to fall asleep while driving, there is an inference or presumption of negligence sufficient to make out a prima facie case against the driver (*see, Stanley v Burnside*, 20 Misc 2d 932, 933, *affd* 10 AD2d 652).

The issue was next addressed in *Butler v Albert* (1 AD2d 43). The plaintiff was a passenger in his own vehicle, which was be-

ing driven by the defendant, his brother-in-law. The plaintiff had been driving the vehicle himself prior to the accident and, in fact, told a State Trooper that he was the driver. The evidence further established that the men had been "bar hopping" and both had had quite a few drinks. The jury returned a verdict for the defendant. The plaintiff argued on appeal that the verdict was against the weight of the evidence because the defendant admitted that he had fallen asleep while driving. The Court affirmed the judgment, stating that the jury could have found that the plaintiff had failed to meet his burden of proof "in satisfying [the jury] that it was negligent in this case for the defendant to fall asleep at the wheel" (*Butler v Albert, supra*, at 44). The Court discussed the possibility that the jury could have found that the plaintiff was contributorily negligent for permitting the defendant to drive, thus barring the plaintiff from recovery. The Court went on to state, in dicta and without reference to any medical or legal source, that "[w]eariness, as everyone knows who has tasted it, is a matter of degree; and sleep sometimes presses down without warning. Its presence is not always readily predictable, even with reasonable care and foresight" (*Butler v Albert, supra*, at 44). That language has become the cornerstone of the law in New York regarding the sleeping driver and has been relied upon by several appellate Courts, including this Court (*see, Aiello v Garahan*, 91 AD2d 839, *affd on other grounds* 58 NY2d 1078, *supra; see also, Smith v McIntyre*, 20 AD2d 711; *Vignola v Britts*, 11 AD2d 801).

A somewhat different analysis has been adopted in a few cases involving motions for summary judgment. In *Arakelyan v Fiallo* (32 AD2d 626), the First Department reversed an order denying the plaintiff's motion for summary judgment where there was proof that the defendant was tired but continued to drive. The Court held that the plaintiff was entitled to judgment as a matter of law because of the failure of the defendant to meet his burden. Although the Court did not expressly state the nature of the burden, the Court's citation to *Stanley v Burnside* (*supra*) suggests that the defendant had the burden to rebut an inference of negligence (*see, Arakelyan v Fiallo, supra; accord, Martin v Koehler*, 40 Misc 2d 762 [adopting inference of negligence analysis]). In *Barney v Barney* (205 AD2d 1017), however, the Third Department specifically rejected the proposition that falling asleep at the wheel gives rise to a presumption of negligence. The Court placed the burden on the plaintiff to show that the driver continued to drive despite having had warnings of the likelihood of falling

asleep (*Barney v Barney, supra,* at 1017; *cf., Jorif v Jorif,* 188 AD2d 449; *Barlow v Hertz Corp.,* 160 AD2d 580).

■ This Court first addressed the issue of the sleeping driver in *Aiello v Garahan* (*supra*) where we reversed an order setting aside a jury verdict in favor of defendant and stated that, where the defendant "momentarily dozed at the wheel" and did so "[a]pparently without warning", the question of defendant's negligence was for the jury (*Aiello v Garahan, supra,* at 840). We noted that, as a general rule, falling asleep was not negligent as a matter of law and that the most important consideration was whether the driver had any forewarning of sleep. The dissent in *Aiello* rejected the unexplained theory of defendant that he fell asleep or blacked out and would have required defendant to explain his condition by competent medical testimony (*Aiello v Garahan, supra,* at 840 [Callahan, J., dissenting]). We followed the reasoning of *Aiello* in *Reynolds v Morford* (124 AD2d 978) and reversed a judgment that granted a directed verdict for plaintiff at the close of trial, concluding that "a rational jury could have found that although defendant had warning that he was tired, he did not have warning that he was likely to fall asleep" (*Reynolds v Morford, supra,* at 978). We quoted the language of *Butler* (*supra,* at 44) that weariness is a matter of degree and that " 'sleep sometimes presses down without warning' " (*Reynolds v Morford, supra,* at 978). In contradistinction to that proposition, some courts have stated that "it is not true that ordinarily sleep comes unheralded" (*Bushnell v Bushnell,* 103 Conn 583, 591, 131 A 432, 434). That view is set forth expressly in at least two New York cases (*see, Stanley v Burnside, supra,* at 934; *Martin v Koehler, supra*) and in decisions in other States (*see, e.g., Bernosky v Greff,* 350 Pa 59, 38 A2d 35; *see generally,* Annotation, *Physical defect, illness, drowsiness, or falling asleep of motor vehicle operator as affecting liability for injury,* 28 ALR2d 12, 44-50, §§ 22-23). Notably, the court in *Bushnell* referred to various medical journals and treatises in support of that proposition (*see, Bushnell v Bushnell,* 103 Conn, *supra,* at 592, 131 A, *supra,* at 435; *see also,* Kaufman and Kantrowitz, *The Case of the Sleeping Motorist,* 25 NYU L Rev 362, 364-366) and set forth the following rationale for the inference of negligence rule: "In any ordinary case, one cannot go to sleep while driving an automobile without having relaxed the vigilance which the law requires, without having been negligent; it lies within his own control to keep awake or cease from driving; and so the mere fact of his going to sleep while driving is a

proper basis for an inference of negligence sufficient to make out a prima facie case, and sufficient for a recovery, if no circumstances tending to excuse or justify his conduct are proven. * * * If such circumstances are claimed to have been proven, it then becomes a question of fact whether or not the driver was negligent; and in determining that issue, all the relevant circumstances are to be considered, including the fact that ordinarily sleep does not come upon one without warning of its approach." (103 Conn, *supra*, at 592, 131 A, *supra*, at 435.) We believe that the law set forth in *Bushnell* is well reasoned and supported by common sense. We therefore adopt it. To the extent that *Aiello v Garahan* (*supra*) is to the contrary, it will no longer be followed.

The cases, unfortunately, use the terms "inference" and "presumption" interchangeably. An inference, however, merely allows the trier of fact to draw a conclusion from a proven fact (*see, Martin v City of Albany*, 42 NY2d 13, 18; Prince, Richardson on Evidence § 3-102 [Farrell 11th ed]), while a true presumption "place[s] the burden upon the adversary to come forward with evidence to rebut the presumption" (*id.*, § 3-104, at 55). We believe that, although the cases often speak of creating an inference, the result actually has been the creation of a presumption (*see, Stanley v Burnside, supra*).

A presumption of negligence in sleeping motorist cases is appropriate because, in circumstances such as those presented here, where defendant driver crossed the center line and struck plaintiff's vehicle in its own lane of traffic, it would be an onerous task for plaintiff to establish the negligence of defendant; the circumstances of defendant's falling asleep generally would be difficult if not impossible for plaintiff to ascertain (*see,* Forkosch, *Summary Judgment in Automobile Negligence Cases: A Procedural Analysis and Suggestions*, 53 Cornell L Rev 814, 830-831, n 64).

We reject the more extreme view that falling asleep while driving is negligence as a matter of law because nothing can justify, excuse, or exculpate such negligence (*see, Theisen v Milwaukee Auto. Mut. Ins. Co.*, 18 Wis 2d 91, 118 NW2d 140, *reh denied* 18 Wis 2d 108, 119 NW2d 393; *see also*, Kaufman and Kantrowitz, *The Case of the Sleeping Motorist, op cit.*, at 366-367). We believe, however, that a presumption of negligence arises upon proof that the defendant has fallen asleep at the wheel; the defendant can attempt to rebut the presumption by introducing competent evidence that excuses or explains his conduct. Here, defendant did not attempt to excuse or explain

his conduct, but simply stated that he had fallen asleep without warning. We now examine the charge to determine whether it comports with the law that we adopt in this case.

## III

The court charged that the "mere act of falling asleep by itself unexpectedly and without warning is not negligence". The court further charged that, if the jury found that defendant fell asleep unexpectedly and without warning, and that no acts of his contributed to his falling asleep, the jury had to find that defendant was not negligent. The charge, in effect, directed a verdict for defendant because there was no proof that defendant fell asleep other than unexpectedly and without warning. The court expressed its concern that the charge was unfair to plaintiff, but determined that it accurately stated the law. We do not fault the court, because the charge was based on *Aiello v Garahan* (*supra*), which we now overrule.

We believe that the charge in a case where the proof establishes that the defendant fell asleep at the wheel and has not justified or explained his conduct should more closely comport with the charge in *Smith v Czescel* (12 Conn App 558, 533 A2d 223, *appeal denied* 206 Conn 803, 535 A2d 1316 [following *Bushnell v Bushnell, supra*]). There, the court charged that "sleep does not ordinarily come upon a driver of a car without some prior indications of its onset" and that "the mere fact of [defendant's] going to sleep while driving is a proper basis for an inference of negligence sufficient to make out a prima facie case, and sufficient for a recovery [by the plaintiff], if no circumstances tending to excuse or explain his conduct are proven" (*Smith v Czescel*, 12 Conn App, *supra,* at 565, 533 A2d, *supra,* at 226). We note that, although the court charged in terms of an inference of negligence, our rule is actually a presumption of negligence that, if left unrebutted, requires a verdict in favor of the plaintiff (*see,* Prince, Richardson on Evidence, *op cit.,* § 3-104). The presumption may be rebutted by competent evidence explaining the circumstances under which the defendant fell asleep so that a factual issue regarding reasonable care is raised, or by the introduction of competent medical evidence of an illness such as narcolepsy (*see, Smith v Czescel,* 12 Conn App, *supra,* at 566, n 4, 533 A2d, *supra,* at 227, n 4).

Accordingly, the judgment of Supreme Court should be reversed and a new trial granted.

GREEN, WESLEY, BALIO and BOEHM, JJ., concur.

Judgment unanimously reversed, on the law and in the exercise of discretion, with costs, and new trial granted.