[679 NYS2d 156]

PETER SPIVAK et al., as Administrators of the Estate of ADAM SPIVAK, Deceased, Appellants, v TIMOTHY M. HEYWARD et al., Respondents.

Second Department, October 26, 1998

## APPEARANCES OF COUNSEL

*Wallace & Witty, P. C.,* Bay Shore *(Peter Graff* of counsel), for appellants.

*Frank V. Merlino,* Lake Success *(Sweetbaum & Sweetbaum [Marshall D. Sweetbaum]* of counsel), for respondents.

## OPINION OF THE COURT

Luciano, J.

The plaintiffs' son was killed in a car accident when the defendant Timothy M. Heyward, the driver of the car in which the decedent was a passenger, fell asleep at the wheel, causing the car to leave the roadway and fall down an embankment. In this action to recover damages, *inter alia,* for wrongful death, although the defendants did not dispute the evidence presented by the plaintiffs on their motion for summary judgment that Heyward had admitted to falling asleep, the Supreme Court denied the motion on the ground that it could not find, as a matter of law, that Heyward was negligent.

We disagree with the Supreme Court, and adopt the rule that upon a plaintiff's prima facie showing, on a motion for summary judgment, that the defendant fell asleep at the wheel of a motor vehicle, a presumption of negligence arises which the defendant may overcome by the introduction of competent evidence that excuses or explains his conduct.

In making its determination, the Supreme Court relied upon *Aiello v Garahan* (91 AD2d 839, *affd on other grounds* 58 NY2d 1078) in which the Appellate Division, Fourth Department, reversed an order in which the trial court set aside a jury verdict in favor of the defendant *(see, Aiello v Garahan, supra; see also, Nicastro v Park,* 113 AD2d 129, 134). The *Aiello* Court stated that falling asleep at the wheel does not constitute negligence as a matter of law, opining that the issue is a question of fact for the jury. The Court concluded that a defendant driver may be exculpated from liability for a sudden and unforeseen loss of consciousness which results in an accident *(see, Aiello v Garahan, supra,* at 840). Relying upon a case from this Department *(see, Vignola v Britts,* 11 AD2d 801), the court explained that the " 'most important consideration is whether [the defendant] had any warning of the likelihood of his falling asleep' " *(supra,* at 840).

*Aiello v Garahan (supra),* however, was explicitly overruled by the Appellate Division, Fourth Department, in a later opinion in *Kilburn v Bush* (223 AD2d 110, 117). In rejecting

the theory that "sleep sometimes presses down without warning" (*Butler v Albert,* 1 AD2d 43, 44; *see, Reynolds v Morford,* 124 AD2d 978), the Fourth Department adopted the more plausible view that sleep does not come without warning, and that the operation of a motor vehicle requires the vigilance of a sentinel on watch. Indeed, it is unlikely that one might fall asleep while driving without having relaxed the vigilance, awareness, and purpose which the law requires (*see, Kilburn v Bush, supra,* at 115, citing *Bushnell v Bushnell,* 103 Conn 583, 591, 131 A 432, 434). By implication, other Fourth Department cases which cite *Aiello v Garahan (supra)* were also overruled by the *Kilburn* opinion (*see, Reynolds v Morford, supra).*

This is not to say, however, that falling asleep while driving is negligence as a matter of law. As stated in *Kilburn v Bush (supra),* a showing that a defendant fell asleep while driving raises a rebuttable presumption of negligence, since the onerous burden of establishing the circumstances under which the defendant fell asleep would be a difficult, if not an insurmountable, burden for the plaintiff to overcome (*see, Kilburn v Bush, supra,* at 116). It is logical, therefore, that the burden should fall to a defendant, who is in the best position to know the circumstances of his or her falling asleep, to offer an explanation creating a triable issue of fact. It is also appropriate that the presumption should be rebuttable. A presumption allows an elemental fact to be assumed from proof of another set of facts. Such an assumption does not, however, compel an automatic finding that the presumed fact is true if the presentation of further evidence tends to disprove the presumption.

There are abundant cases from this Court which are consistent with the holding in *Kilburn v Bush (supra),* evincing this Court's inclination to adopt the rebuttable presumption rule under similar factual circumstances (*see, Augello v Denigris,* 239 AD2d 372 [summary judgment properly granted to the plaintiff where the defendant admitted that he fell asleep at the wheel and failed to present evidence to raise a triable issue of fact]; *see also, Herte v Breen,* 115 AD2d 590 [summary judgment properly granted to that plaintiff where the defendant admitted that he fell asleep at the wheel and struck the plaintiff's vehicle in the rear]; *Baly v Chrysler Credit Corp.,* 94 AD2d 781 [no opposition offered by the defendant to the plaintiff's evidence that he fell asleep at the wheel]; *Stanley v Burnside,* 20 Misc 2d 932, 935, *affd without opn with one dissent* 10 AD2d 652 [granting summary judgment to the plaintiff, the Supreme Court stated, quoting *Bernosky v Greff* (350 Pa

59, 61, 38 A2d 35, 36), that " '[f]or a driver to sleep at the wheel of a moving automobile makes him prima facie guilty of negligence' ", and the defendant failed to rebut the presumption of negligence]).

We conclude, therefore, that the plaintiffs' motion for summary judgment on the issue of liability should have been granted since Heyward, who admitted that the accident occurred when he fell asleep at the wheel, failed to rebut the presumption of negligence (*see, Kilburn v Bush, supra,* at 110; *see also, Augello v Denigris, supra; Stanley v Burnside, supra*). To the extent that other cases of our Court may be viewed as supporting a contrary position (*see, Vignola v Britts, supra; see also, Cicero v Clark,* 23 AD2d 583; *Smith v McIntyre,* 20 AD2d 711), they should no longer be followed. Therefore, the order is reversed, on the law, with costs, and the motion is granted.

ROSENBLATT, J. P., SULLIVAN, JOY and ALTMAN, JJ., concur.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.