■ ZACHARY SIEGAL et al., Appellants, v ARLENE L. ASHKINAZY, Respondent. [679 NYS2d 630] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Rockland County (Weiner, J.), entered July 24, 1997, which, upon a jury verdict in favor of the defendant and against them, dismissed the complaint.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

The plaintiff Zachary Siegal was injured when the car in which he was a passenger swerved off the highway and collided with a pick-up truck that was parked on the side of the

road. The plaintiffs alleged that the accident occurred when the operator of the car, the now-deceased husband of the defendant, fell asleep while driving. At trial, the plaintiffs requested that the trial court charge the jury that falling asleep while driving raised a presumption of negligence which the defendant was required to rebut. The trial court declined to do so, agreeing with the defendant that the critical issue was whether the driver had warning of the likelihood of falling asleep. The trial court charged the jury, in relevant part as follows: "I further charge you that falling asleep while driving, in and of itself, is not negligence as what we call as a matter of law. In determining whether the driver who fell asleep at the wheel was negligent the most important consideration was whether the driver had any warnings of the likelihood of falling asleep. In order for the [p]laintiffs to establish negligence it must have been shown by the [p]laintiffs that the driver * * * continued to drive despite having had warnings of the likelihood of falling asleep". The jury returned a verdict in favor of the defendant.

In *Spivak v Heyward* (248 AD2d 58), we have now unequivocally adopted the rule that where a driver falls asleep while operating a vehicle and thereby causes an accident, a rebuttable presumption of negligence arises as against that driver. Applying that rule to the instant case, we conclude that the judgment must be reversed, since the trial court's charge did not inform the jury either of the presumption in favor of the plaintiffs, or the defendant's burden to rebut that presumption with competent evidence explaining the circumstances under which the driver fell asleep. Accordingly, the plaintiffs are granted a new trial. Bracken, J. P., Thompson, Sullivan and Pizzuto, JJ., concur.