(December 17, 1998)

■ AVRIL DILLON, Appellant, v MICHAEL J. KAMINSKY, as Administrator of the Estate of CHARLES H. ROLL, Deceased, et al., Respondents. [682 NYS2d 104] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Lonschein, J.), dated June 16, 1997, which upon a jury verdict on the issue of liability, is in favor of the defendants and against her, dismissing the complaint.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which dismissed the plaintiff's complaint against the defendant Michael J. Kaminsky, as administrator of the estate of Charles H. Roll, and substituting therefor a provision severing the action against the remaining defendant; as so modified, the judgment is affirmed, with costs to the plaintiff payable by the defendant Michael J. Kaminsky, as administrator of the estate of Charles H. Roll, and the matter is remitted to the Supreme Court, Queens County, for a trial on the issue of damages against the defendant Michael J. Kaminsky, as administrator of the estate of Charles H. Roll, in accordance herewith.

The plaintiff was injured in an automobile accident when the car in which she was riding, driven by the decedent Charles H. Roll (who died of unrelated causes long after the accident), went off the road and into a nearby ravine.

The uncontroverted evidence at trial established that Roll told a police officer, at the scene, that he had fallen asleep or lost control of the car. He testified similarly at a subsequent administrative motor vehicle proceeding that he had fallen asleep and lost control of the car. There was no valid line of reasoning that could have led to the jury's finding that Roll

was not at fault for the accident and, accordingly, the jury verdict in favor of Michael J. Kaminsky, as administrator of Roll's estate, must be set aside and judgment awarded to the plaintiff against him on the issue of liability as a matter of law (*see, Cohen v Hallmark Cards,* 45 NY2d 493, 498-499). Therefore, the matter is severed and remitted for a trial on the issue of damages against Kaminsky. Rosenblatt, J. P., O'Brien and McGinity, JJ., concur.

Goldstein, J., dissents and votes to reverse the judgment, on the law and as a matter of discretion, and to grant a new trial on the issue of liability, with the following memorandum in which Miller, J., concurs. The plaintiff in the instant case was a passenger in a vehicle driven by Charles H. Roll. Roll stated, "I must have fallen asleep at the wheel, I believe, and I lost control of the car". However, the plaintiff testified at the trial and in prior statements that Roll swerved to avoid another car.

According to one of the plaintiff's experts, the vehicle struck debris that had been left at the side of the road by the defendant Hendrickson Bros., Inc. (hereinafter Hendrickson Bros.), causing it to slide sideways into a 14-inch excavation at the side of the road. Other experts testified that Hendrickson Bros. should not have placed construction debris within four and one-half feet from the road, and that it created an unsafe condition which exacerbated the vehicle's descent into the excavation.

The plaintiff's experts testified that pre-formed concrete walls called "Jersey barriers" should have been placed on the side of the road to prevent motorists from driving into the excavation. In the alternative, the lane could have been shut down entirely. Since Hendrickson Bros. failed to take these precautions, the plaintiff's experts concluded that it failed to properly provide for the protection of the traveling public, despite its contractual obligation to take any "needed actions * * * reasonably necessary to protect * * * the safety of the public".

In his instructions to the jury, the Trial Justice effectively directed a verdict in favor of Hendrickson Bros. when he stated that the testimony of one of the defendant's experts "clearly establishe[d] that Hendrickson Bros. fully complied with the State contract as it related to maintenance and safety under the direct supervision of State inspectors and engineers * * * [and if] you find that the defendant Hendrickson Bros. fully complied with requirements of the State contract they cannot be held liable for the occurrence that happened". Even if it had fully complied with all of its contractual obligations to the State, Hendrickson Bros. could be held liable for breach of a

duty of reasonable care independent of its contractual obligations (*see, Sommer v Federal Signal Corp.,* 79 NY2d 540, 553; *S & W X-Ray v Maselli Plumbing & Heating,* 210 AD2d 953), since the safety of the public was at stake (*see, New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 317).

With respect to the driver Roll, the court noted that his falling asleep at the wheel "may raise a presumption of negligence" but that there was no evidence that he "exhibited signs of drowsiness prior to the accident sufficient to constitute warning that he was likely to fall asleep and Charles Roll ignored such warning and continued to drive". Thus, the trial court improperly shifted the burden to the plaintiff to establish that there were no grounds to rebut the presumption of negligence which arises when a driver falls asleep at the wheel (*see, Spivak v Heyward,* 248 AD2d 58).

The trial court also mischaracterized one of the plaintiff's expert witnesses as "hardly * * * a disinterested witness" and his instructions to the jury stated that experts could be considered interested witnesses based upon "employment and retainer". However, experts have no antecedent relation to the event and therefore are not interested witnesses (*see, Matter of Shore,* 67 AD2d 526). Nor does employment or retainer by a lawyer establish an interest in the outcome (*see, Coleman v New York City Tr. Auth.,* 37 NY2d 137).

In light of the foregoing errors, a new trial is warranted against both defendants.