■ MICHAEL CHIAIA et al., Appellants, v WILLIAM E. BOSTIC, Respondent. (And a Third-Party Action.) [719 NYS2d 277] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.),

dated April 5, 2000, as, upon reargument, adhered to so much of a prior order of the same court, dated November 19, 1999, as denied their motion for summary judgment on the issue of liability and granted the defendant's cross motion, *inter alia*, to strike the complaint, to the extent of directing that they disclose the injured plaintiff's social security number and supply certain authorizations.

Ordered that the order is modified by deleting the provision thereof adhering to so much of the prior order as denied the motion for summary judgment on the issue of liability and substituting therefor a provision granting that motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs, and the order dated November 19, 1999, is modified accordingly.

A rear-end collision with a stopped automobile establishes a prima facie case of negligence on the part of the operator of the moving vehicle and imposes a duty on the operator of that vehicle to explain how the accident occurred. The operator of the moving vehicle is required to rebut the inference of negligence created by an unexplained rear-end collision because he or she is in the best position to explain whether the collision was due to some reasonable cause. If the operator of the moving vehicle cannot come forward with any evidence to rebut the inference of negligence, the plaintiff may properly be awarded judgment as a matter of law (*see, Leal v Wolff,* 224 AD2d 392; *Barile v Lazzarini,* 222 AD2d 635; *Abramowicz v Roberto,* 220 AD2d 374).

Here, the defendant's conclusory claim that he had a seizure and "blacked out" just before the accident was unsubstantiated by any competent medical evidence and was insufficient to rebut the presumption of negligence (*see generally, Spivak v Heyward,* 248 AD2d 58). Thus, the plaintiffs were entitled to summary judgment on the issue of liability.

The plaintiffs' remaining contentions are without merit. O'Brien, J. P., Krausman, Goldstein and Schmidt, JJ., concur.