OPINION OF THE COURT
Debra Rose Samuels, J.
Defendant’s motion for summary judgment is denied.
In this negligence action for damages arising from an automobile accident, plaintiffs allege, both in their complaint and in the affidavit of plaintiff Connie Battista (plaintiff), that plaintiff’s vehicle, while stopped in traffic, was struck from behind by a vehicle owned by defendant Color by Pergament, *482 Inc., and operated, at the time, by defendant Twomey. Defendant does not contest that version of events.
It is settled law that “A rear-end collision with a stationary vehicle creates a prima facie case of negligence, requiring judgment for plaintiffs unless defendant can proffer a non-negligent explanation for her failure to maintain a safe distance between the cars.” (Mitchell v Gonzalez, 269 AD2d 250, 251 [1st Dept 2000].) Based on that principle, plaintiffs move for summary judgment on the question of liability.
Defendants, however, in an affidavit by Twomey, do proffer a nonnegligent explanation for Twomey’s failure to maintain a safe distance between the cars: that Twomey suffered a seizure and therefore “was unable to control what happened to me and what ultimately caused this accident.”
Plaintiffs contend, however, that Twomey’s affidavit is not sufficient to raise a triable issue of fact as to negligence unless accompanied by competent, admissible medical evidence (i.e., a physician’s affirmation), citing Chiaia v Bostic (279 AD2d 495 [2d Dept 2001]). Chiaia, like this case, involved a rear-end collision. As in this case, the defendant sought to overcome the rebuttable inference of negligence by asserting that he had suffered a seizure and “blacked out” just before the accident. Based on the defendant’s affidavit to that effect, the trial court found that the defendant had raised a triable issue of fact as to negligence, and therefore denied the plaintiffs motion for summary judgment. But the Appellate Division reversed, holding that: “Here, the defendant’s conclusory claim that he had a seizure and ‘blacked out’ just before the accident was unsubstantiated by any competent medical evidence and was insufficient to rebut the presumption of negligence * * * Thus, the plaintiffs were entitled to summary judgment on the [question] of liability.” (279 AD2d, at 496.)
Given an opportunity to produce medical evidence in response to plaintiffs’ invocation of Chiaia, defendants have produced only an unsworn, unaffirmed (and thus not admissible) “Medical Report” by Dr. Raymond Coll (the Medical Report).
The Court finds the instant case distinguished from Chiaia by the fact that Twomey has alleged, in his affidavit, a previous seizure and a long history of treatment and medication for seizure disorder. His affidavit is corroborated (although contradicted on some details) by the Medical Report, which describes a long history of treatment of defendant for seizure disorder. Because the benefit of every doubt on a motion for *483 summary judgment is to go to the nonmoving party, the courts have held that evidence that would be inadmissible at trial “ ‘may be considered to deny a motion for summary judgment provided that this evidence does not form the sole basis for the court’s determination.’” (Largotta v Recife Realty Co., 254 AD2d 225 [1st Dept 1998], quoting Wertheimer v New York Prop. Ins. Underwriting Assn., 85 AD2d 540, 541 [1st Dept 1981].)
In Chiaia, there was no history of seizure disorder or treatment therefor alleged, only what the court characterized as the defendant’s “conclusory” self-diagnosis. Here, defendant Twomey has alleged, in his sworn affidavit, a medical history that will be readily susceptible of verification at trial, and which affords him some basis for ascribing his failure to avoid the accident to a medical condition, in the same way that an asthma sufferer might attest to having suffered an attack. Accordingly, the Court finds Twomey’s affidavit, bolstered by the Medical Report, sufficient to defeat summary judgment and entitle defendants to their day in court, on which occasion defendants would be well advised to be prepared to present admissible medical evidence. Of course, evidence of a history of seizure disorder may raise the question of whether the very act of driving was negligence on Twomey’s part. But that is a matter for trial.