Chan v Choi (2018 NY Slip Op 06857)





Chan v Choi


2018 NY Slip Op 06857


Decided on October 16, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2018

Renwick, J.P., Tom, Gesmer, Singh, JJ.


7335 157635/16

[*1]Theodore Chan, Plaintiff-Appellant,
v
Michael J. Choi, et al., Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco, rNew York (Brian J. Isaac of counsel), for appellant.
Russo & Tambasco, Melville (Yamile Al-Sullami of counsel), for respondents.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about August 31, 2017, which denied plaintiff's motion for partial summary judgment on the issue of liability, unanimously reversed, on the law, and the motion granted, without costs.
In support of his motion for partial summary judgment, plaintiff submitted an affidavit which established that defendant Choi was negligent in that he fell asleep at the wheel while driving a vehicle in which plaintiff was a passenger (Barlow v Hertz Corp., 160 AD2d 580, 581 [1st Dept 1990]; see also Spivak v Heyward, 248 AD2d 58 [2d Dept 1998]; Kilburn v Bush, 223 AD2d 110, 117 [4th Dept 1996]). In opposition, defendant Choi submitted an affidavit that confirmed his own negligence in getting behind the wheel despite knowing he was too tired to drive, but argued that plaintiff was also at fault in connection with the accident. While the motion court denied the motion on the basis of plaintiff's possible comparative fault, subsequent case law has established that "plaintiff was not required to demonstrate his own freedom from comparative negligence to be entitled to summary judgment as to defendant's liability" (Derix v Port Auth. of N.Y. & N.J., 162 AD3d 522 [1st Dept 2018]; see Rodriguez v City of New York, 31 NY3d 312, 317-318 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 16, 2018
CLERK